IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALVE PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:17-cv-492-EKD |
| ) | |
| EASEMENTS TO CONSTRUCT, OPERATE, ) | |
| AND MAINTAIN A NATURAL GAS ) | |
| PIPELINE OVER TRACTS OF LAND IN ) | |
| GILES COUNTY, CRAIG COUNTY, ) | |
| MONTGOMERY COUNTY, ROANOKE ) | |
| COUNTY, FRANKLIN COUNTY, AND ) | |
| PITTSYLVANIA COUNTY, VIRGINIA, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO SECOND MOTION TO DISMISS OF DEFENDANTS JOHN L. BARBAZON, et al.

Plaintiff Mountain Valley Pipeline, LLC ("MVP") submits this response to the second motion to dismiss of defendants John L. Barbazon, et al., Dkt. No. 331.

On January 2, 2018, MVP filed amendments to paragraphs 82, 83, 84, 101, and 102 of the complaint. Dkt. No. 259. On January 8, 2018, MVP filed amendments to paragraphs 103, 104, 105, 106, 107, and 108 of the complaint. Dkt. No. 272. The amendments affected only those 11 paragraphs (and the 11 tracts described therein). The amendments were made to incorporate the route change in Variation 250.

In response to the amendments, defendants John L. Barbazon, et al., filed the same pleading that they filed in response to MVP's original complaint. Dkt. No. 331. This pleading includes a motion to dismiss. *Id.* As MVP has previously explained, however, Rule 71.1 does not allow motions to dismiss. Dkt. No. 220 at 2. In any event, the motion to dismiss is without merit and should be denied.

The motion to dismiss does not address the amendments. Rather, defendants argue that the certificate has conditions and MVP cannot proceed with condemnations until the conditions are satisfied. Dkt. No. 331 at 8. This is incorrect for the reasons stated in MVP's earlier memoranda. Dkt. Nos. 220 at 3, 219 at 3-8.

Defendants further argue that the case cannot proceed until MVP demonstrates an ability to pay just compensation. Dkt. No. 331 at 11. This argument is likewise without merit. Dkt. Nos. 220 at 3, 219 at 12-14.

Because the issues have already been fully briefed, MVP incorporates its prior arguments and asks that the motion to dismiss be denied.

In response to the amendments, the other defendants did not file motions to dismiss. Instead, they filed essentially the same answers they filed in response to the original complaint. None of the defendants have raised any new issue or defense based on the amendments that MVP made.

> Respectfully submitted,
>
> MOUNTAIN VALLEY PIPELINE, LLC
>
> By Counsel

Stephen M. Hodges
 VSB No. 1220
Wade W. Massie
 VSB No. 16616
Mark E. Frye
 VSB No. 32258
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, VA  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
shodges@pennstuart.com
wmassie@pennstuart.com
mfrye@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
      Wade W. Massie

## CERTIFICATE OF SERVICE

I hereby certify that, on this 31st day of January, 2018, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.  I also certify that I have mailed a copy of this document to the following parties who have appeared pro se:

    Elijah Howard
    Kristin Howard
    2219 Willis Hollow Road
    Shawsville, VA  24162

    Delmer Wayne Howard
    2740 Reese Mountain Road
    Elliston, VA  24087

      */s/ Wade W. Massie*
      Wade W. Massie