IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:17-cv-00492 |
| | ) | |
| EASEMENTS TO CONSTRUCT, | ) | By: Elizabeth K. Dillon |
| OPERATE, AND MAINTAIN A | ) | United States District Judge |
| NATURAL GAS PIPELINE OVER | ) | |
| TRACTS OF LAND IN GILES COUNTY, | ) | |
| CRAIG COUNTY, MONTGOMERY | ) | |
| COUNTY, ROANOKE COUNTY, | ) | |
| FRANKLIN COUNTY, AND | ) | |
| PITTSYLVANIA COUNTY, VIRGINIA, *et* | ) | |
| *al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER ON OBJECTIONS TO
PROPOSED ORDERS FOR ALL PROPERTIES**

By order dated January 31, 2018, the court granted MVP immediate possession of nine

properties conditioned on the posting of the security set by the court. (Dkt. No. 340.) MVP has

now provided that security. (Dkt. Nos. 354, 357.) The court also directed MVP to submit

proposed orders granting immediate possession of the nine properties, and defendants were given

seven days in which to object to those proposed orders. (Dkt. No. 340, ¶ 6a.) MVP submitted

those orders on February 7, and objections were filed by some of the landowners. (Dkt. Nos.

360, 374, 381.) MVP filed a response (Dkt. No. 408) and in its response also offered to revise

the orders. According to MVP and as evidenced by emails it has provided, it consulted with

counsel for the landowners regarding its proposed revised orders and subsequently submitted

revised orders for the nine properties. (Dkt. No. 420.) It also submitted orders on all the

remaining properties on February 22 and 23, 2018. On March 6, 2018, it posted the security set by the court for all of the remaining properties.

Two groups of landowners filed objections to the nine revised orders and to the proposed orders MVP has submitted with regard to the remaining properties, as have two *pro se* defendants, Elijah and Kristin Howard. (Dkt. Nos. 484, 488, 496.)[1] MVP has responded to those objections (except for the Howards' objection, which was filed after MVP's response). (Dkt. No. 493.) Additionally, a prior filing by the Town of Chatham, in which it objected to the appraisal of its property filed by MVP, also requested that any order granting immediate possession include an indemnification requirement. (Dkt. No. 450.) The court treats that as an objection to the proposed order by the Town of Chatham, as well. The remaining defendants have not filed any objections to the proposed orders.

For the reasons set forth herein, the court will deny some objections as moot, overrule the objections in part, sustain them in part, and take them under advisement in part. The court will enter MVP's proposed orders consistent with its rulings herein.

## I. DISCUSSION

### A. Moot Objections

As to the objections in docket numbers 374 and 381, the same defendants have filed subsequent objections to the revised orders. Thus, the court denies as moot the earlier objections. (Dkt. Nos. 374, 381.) The court is not sure whether The Nature Conservancy's objections (Dkt. No. 360) remain as to the revised orders, but will address the brief arguments in those objections herein.

---

[1] The court had ordered that any objections to the proposed orders be filed within seven days. (Dkt. No. 340, ¶ 6a, Dkt. No. 387, ¶ 2.) The objections filed by the defendants represented by Lollar Law and the objections filed by the Howards were filed after the deadline had passed. The court nonetheless addresses those objections as if they were timely filed.

**B.  Objections Already Addressed by Prior Orders**

Some landowners object to the proposed orders on grounds that have already been rejected by the court.  For example, The Nature Conservancy posits that the court does not have authority to grant immediate possession as injunctive relief and that doing so violates the separation-of-powers doctrine.  (Dkt. No. 360.)  The court has already addressed and rejected this argument in its January 31, 2018 Memorandum Opinion.  (Dkt. No. 339.)

Similarly, a number of defendants also object on the grounds that the court could not rely on the appraisals submitted by MVP to set security in this matter.  (*See, e.g.*, Dkt. No. 484 at 2; Dkt. No. 488 at 5.)  The court has rejected that argument, as well, both as to the first nine properties (Dkt. No. 339) and as to the remaining properties (Dkt. No. 486).  These objections are overruled.

**C.  Objections Due to MVP's Alleged Failure to Comply with FERC Conditions**

Some defendants object to immediate possession because they allege MVP has failed to satisfy conditions set by FERC.  As the court has already noted in a prior opinion, this court does not determine, and has no authority to police, compliance with FERC conditions.  (Dkt. No. 339.)  Thus, objections on this basis—such as those raised by The Nature Conservancy (Dkt. No. 360), are overruled.

**D.  Objections Due to Imprecise Description of Easements**

Some defendants object on the grounds that the proposed orders all contain an attachment with the same generic listing of easements.  They note that the listed easement descriptions may be applicable to that specific property, but that not all descriptions are applicable to each tract.  They contend that this will be confusing and will complicate the determination of what is being taken.  (Dkt. No. 484 at 2–3; Dkt. No. 488 at 3.)  One group of defendants focuses on two descriptions they refer to as "blanket access easements."  Pointing to some examples, they argue

3

that the designations on the attached plats do not delineate which of the following two easements MVP is seeking: "the right of ingress and egress to, from, on, and across the permanent and exclusive rights-of-way to access other properties or sections of the pipeline," or "the right to clear trees, brush, or other vegetation as necessary."  (Dkt. No. 488 at 3–4.)  Relatedly, some defendants assert that these "blanket access easements" sought by MVP in its complaint (and included in its proposed orders) have not been approved by FERC in the Certificate Order.  (Dkt. No. 488 at 4.)

The court finds both of these objections to the orders unpersuasive.  A judge who is presiding over one of MVP's condemnation actions in West Virginia recently addressed similar objections.  *Mountain Valley Pipeline, LLC v. Simmons*, No. 1:17-cv-211, Dkt. No. 157 (N.D.W. Va. Feb. 20, 2018).  She correctly noted that the maps filed by MVP "clearly and unambiguously identify the type and size of each easement," and that "[t]he general description of easements . . . applies to each tract at issue only insofar as the map . . . describes the easements."  *Id.* at 3.  She further reasoned:

> The Court's role is simply to "evaluate the scope of the certificate and to order condemnation of property as authorized in the certificate."  *Columbia Gas Transmission, LLC v. 370 Acres, More or Less*, No. 1:14-0469-RDB, 2014 WL 2092880, at *3 (D. Md. Oct. 9, 2014) (quoting *Columbia Gas Transmission, LLC v. 76 Acres more or Less*, Civ. A. No. Elh-14-0110, 2014 WL 2960836 (D. Md. June 27, 2014)).  In other words, the Court has "no power to grant relief beyond that required to enable [MVP] to carry out the pipeline project in accordance with the terms of the FERC certificate."  *Millenium Pipeline Co., LLC v. Certain Permanent and Temporary Easements*, 777 F. Supp. 2d 475, 481 (W.D.N.Y. 2011).  MVP's proposed orders simply cannot have the effect of granting any right of ingress or egress not approved by FERC and included in [the maps attached to the complaint].

*Id.* at 4.  The court finds that reasoning persuasive.  Thus, the court overrules these objections.

**E.  Objections to the Orders' Recitation of Unique Requirements**

When directing MVP to provide proposed orders, the court directed MVP to state whether there are "any unique requirements set forth in the FERC Certificate Order that are unique" to that parcel.  Some defendants claim that the orders relating to their parcels should include requirements that MVP has omitted, such as that a tract is in a historic district or that a particular environmental condition applies to that parcel.

The court had initially thought inclusion of requirements specific to a parcel might be helpful to the parties.  Given the disputes on this issue, however, the court will simply remove all references to such requirements in all of the proposed orders.  The court believes this is an appropriate resolution of the objection.  Notably, it is the FERC Certificate Order—not this court's orders granting possession—that determines whether any specific requirement or condition applies to any parcel, and it is the FERC Certificate Order that governs MVP's construction of the pipeline, regardless of what the orders say.  Thus, the court will omit the paragraph from each proposed order that states specific FERC conditions, states there are none, or states that there is a dispute.  If MVP and any landowner want to file a stipulated revised order that includes a requirement, they may do so, and the court will consider it.

**F.  Objections Based on MVP's Failure to Attach FERC Alignment Sheets**

Some of the defendants object because MVP has not attached the alignment sheets to the orders.  While the alignment sheets do contain more detailed information about the pipeline route, the maps contain information, including acreage, about the easements on each tract.  Also, no defendant has identified a portion of the map that differs in any meaningful way from the alignment sheets.[2]  Finally, as the *Simmons* court ruled, defendants have not pointed to any

---

[2]  As noted below, there is an error on the Chandler property map, which the court will require MVP to correct.

authority requiring that the alignment sheets be attached.  *Mountain Valley Pipeline v. Simmons*, Dkt. No. 157 at 5.  This objection is therefore overruled.

## G.  Property-Specific Objections

In addition to the above objections, some specific property owners have raised different objections applicable only to their parcel or parcels.

### 1.  Town of Chatham

The Town of Chatham (the Town) points out, as it has before, that MVP's current route may go through a closed landfill on its property.  The Town requests that the court include a requirement in its order granting immediate possession that MVP indemnify the Town.  (Dkt. No. 450 at 5.)[3]  The Town has not provided any authority for the court to do so, however, and the court is confident that there are existing laws that would determine the liability of MVP and the Town with regard to any issues that arise.  Thus, the court overrules the Town of Chatham's objection and will not include an indemnification provision in its order granting possession.

### 2.  Chandler Property

With regard to one of the parcels owned by the Chandlers, VA-RO-61, the Chandlers object that the proposed order references "Additional Temporary Workspace" for two easement areas that they say should be limited instead to "Additional Temporary Access Easements." Their argument is based on what appears to be an incorrect reference on the map attached to the complaint and to the proposed order.  That is, on the map there are two areas incorrectly identified as an "Additional Temporary Access Easement."  That designation is inconsistent with the text of the complaint and with everything else on the map, which instead indicate that the

---

[3]  The Town also asks the court to require MVP to conduct certain environmental tests, share its results with the Town, and use the results to select a pipeline route that "is the least environmentally impactful route."  (Dkt. No. 450 at 5.)  As the court has noted in prior orders, however, its role is not to determine the best route or to consider environmental hazards; that role is reserved for FERC.

areas are sought as additional temporary workspaces.  For example, the legend of the map identifies the two areas as "additional temporary workspace[s]" (based on the fact that they are areas shaded with dots) and the square acreage of the two parcels combine to total .32 acres of "additional temporary workspace," as set forth at the bottom left of the map.

The court believes, therefore, that the only reasonable interpretation of the map attached to the complaint (consistent with both the legend and the affected acreage) is that those areas should have been marked "additional temporary workspace."   Indeed, the term "additional temporary access easement" is not a term used on the legend of that parcel and is not included in the summary of the parcel's affected area or in the paragraph of the complaint requesting easements on that property.  All of this confirms to the court that the two labels pointing to the areas themselves are incorrect.  The court's conclusion is also consistent with the FERC alignment sheet for the property, which the court has reviewed.  (Pl.'s Hrg. Ex. 4.)  That sheet clearly shows the two areas as "additional temporary work space."  Thus, the proposed order in the text correctly designates those two areas as "additional temporary work space," and that is the easement that the court will grant.  The court will require MVP to provide a modified attached map, however, that clearly and properly identifies the two areas as "Additional Temporary Workspace," consistent with the court's ruling.

Accordingly, while the court rejects the Chandlers' request that the order limit MVP to possession only of additional temporary access easements in those areas, their objection is sustained insofar as the court will require a modified map to be attached to the order.

3.  Cisek/Maxey Property

Defendant Dawn E. Cisek f/k/a Dawn E. Maxey contends that "MVP has agreed to restrict its easement" on her property and "has filed alignment sheets with FERC and the Court which show this restriction."  (Dkt. No. 484 at 4.)  MVP responds that it is clear that the

easements are already limited to the proposed route and thus that "there is no need to further limit or define the easements over the Cisek property." (Dkt. No. 493 at 8.) Based on the parties' filings, it is unclear to the court if the route with current FERC approval is the route shown on the map attached to the proposed order, or, alternatively, if FERC has approved easements that are different from what is shown on the map. The court, moreover, will not enter an order showing easements over the portions of the property that do not have current FERC approval. Thus, Cisek's objection is taken under advisement. The court directs MVP and counsel for Cisek to confer and either: (1) submit a statement to the court addressing whether the proposed order currently before the court reflects the current, approved FERC route; or (2) submit a revised order with a map (or FERC alignment sheet) reflecting the current, approved FERC route.

4. Scott Property

According to the defendants, parcels owned by James and Karen Scott have been subject to an agreed-upon change in route, and MVP is supposed to notify FERC regarding that route change. For these properties, therefore, the landowners object to the proposed orders on the ground that they include the prior route, not the route change.

MVP has responded that it seeks possession of the only route it has legal authority to condemn, the approved route. When FERC approves the route change, MVP will submit a revised order that reflects the approved route, as modified. The court believes that course of action is proper because it can only order condemnation of the properties as allowed by FERC. The Scotts' objection is overruled.

5. Howard Property

Like other landowners, the Howards object on the ground that the description of the easements is "vague," especially as to temporary road easements. That objection is overruled for

8

the reasons set forth above. The Howards also request that the term "temporary" be defined or that the court place a finish date or expiration date on any temporary easement. While the court understands that the Howards might be frustrated with the lack of a definitive ending date to a temporary easement over their property, it is the construction schedule of MVP (as restrained by the FERC Certificate Order or any extensions granted by FERC) that will determine the ending date of the easement. It is not possible for the court to know when the temporary easement will no longer be needed for construction purposes. Thus, that objection is also overruled.

## II. CONCLUSION

For the foregoing reasons, the objections filed as docket numbers 374 and 381 are DENIED AS MOOT. The remaining objections to the proposed orders of immediate possession are OVERRULED except that they are: 1) SUSTAINED only as to the Chandler property, and only insofar as the court will require MVP to provide an amended map clearly designating each of the two disputed areas as a "Temporary Access Workspace," consistent with the legend and FERC alignment sheet; and 2) TAKEN UNDER ADVISEMENT only as to the Cisek property, and the parties are directed to respond as ordered above. The court will enter orders for the individual properties consistent with this memorandum opinion and order.

The clerk is directed to provide a copy of this memorandum opinion and order to all counsel of record and to all *pro se* parties who have entered an appearance.

Entered: March 7, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge