IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:17-CV-00492-EKD |
| ) | |
| EASEMENTS TO CONSTRUCT, OPERATE, ) | |
| AND MAINTAIN A NATURAL GAS ) | |
| PIPELINE OVER TRACTS OF LAND IN ) | |
| GILES COUNTY, CRAIG COUNTY, ) | |
| MONTGOMERY COUNTY, ROANOKE ) | |
| COUNTY, FRANKLIN COUNTY, AND ) | |
| PITTSYLVANIA COUNTY, VIRGINIA, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFF'S MOTION TO ENFORCE INJUNCTION
ON MVP PARCEL NUMBERS VA-RO-045 AND VA-RO-046

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), by counsel, for its Motion to Enforce Injunction on MVP Parcel Numbers VA-RO-045 and VA-RO-046, states as follows:

FACTS

1. John Coles Terry, III is owner of a tract of land located in Roanoke County, being Tax Map Parcel 102.00-01-08.00-0000 and being MVP Parcel Number VA-RO-045.

2. Frank H. Terry, Jr., John Coles Terry, III, and Elizabeth Lee Terry, a/k/a Elizabeth Lee Reynolds, are owners of a tract of land located in Roanoke County, being Tax Map Parcel 102.00-01-02.00-0000 and being MVP Parcel Number VA-RO-046.

3. The owners of MVP Parcel Numbers VA-RO-045 and VA-RO-046 are collectively referred to as "the Terrys," and MVP Parcel Numbers VA-RO-045 and VA-RO-046 are collectively referred to as "the Tracts." The easements being condemned on these Tracts are referred to as "the Easements."

4. On January 31, 2018, the Court found that MVP has the right to condemn the Easements under the Natural Gas Act and that MVP was entitled to immediate possession of the Easements. Dkt. No. 339. The Court therefore granted MVP's motion for immediate possession on the condition that MVP provide additional evidence on the amount of security for just compensation. Dkt. No. 340.

5. On March 2, 2018, the Court accepted the additional evidence provided by MVP on security and announced that it would enter separate orders granting MVP immediate possession of the Easements. Dkt. No. 486. On March 6, 2017, MVP filed the required bond and deposit with the Court. Dkt. Nos. 497-499.

6. On March 7, 2018, the Court entered orders granting MVP immediate possession of the Easements on the Tracts ("Orders"). Dkt. Nos. 592, 593. These Orders, like the other filings in this case, were served on counsel for the Terrys through the Court's ECF system on the day they were entered.

7. The Court's Orders expressly prohibit any interference with MVP's access to or use of the Easements:

> It is further ORDERED that defendants and their agents, servants, employees, and those in active concert and participation with them, are prohibited from delaying, obstructing, or interfering with access to or use of the Easements by MVP or its agents, servants, employees, or contractors.

Dkt. Nos. 592, 593.

8. In direct violation of the Orders, MVP is being denied access to and use of the Easements on the Tracts. Specifically, Theresa Ellen Terry and Theresa Minor Terry have been occupying treestands within the limits of the Easements and preventing work there.

9. Theresa Ellen Terry is the wife of defendant John Coles Terry, III. Theresa Ellen Terry has stated on video that she will remain in her treestand "as long as it takes" to protect the "family property." She also stated that she has "a good back-up crew."

10. Theresa Minor Terry is the daughter of Theresa Ellen Terry and John Coles Terry, III.

11. On April 6 and 7, 2018, MVP gave actual notice of the Orders to Theresa Ellen Terry and Theresa Minor Terry. Copies of the Orders were also posted to trees supporting each treestand.

3

12. On April 4 and 6, 2018, counsel for MVP sent letters to counsel for the Terrys requesting that the Terrys take all necessary action to remove the treesitters from the Easements. Copies of these letters are attached hereto as Exhibit 1.

13. Notwithstanding their knowledge of the Orders, the treesitters have continued to occupy the treestands in violation of the Orders.

14. Notwithstanding their knowledge of the Orders, the Terrys have condoned the occupation of the Tracts by the treesitters, and they have refused to take the necessary action to remove the treesitters from the Tracts.

15. The Terrys and the treesitters have violated the Orders, and they should be found in contempt.

16. As a result of the violations, MVP has incurred and will continue to incur damages, expenses, and attorney's fees.

LAW

17. Rule 65(d)(2) provides that an injunction binds (1) the parties, (2) the parties' officers, agents, servants, employees, and attorneys, and (3) other persons who are in active concert or participation with them. The Orders track this provision.

18. There are two categories of nonparties bound by an injunction order. The first is those in privity with the enjoined parties, including successors in interest and others legally identified with them. The second is those who aid and abet the enjoined parties or are in active concert or participation with them. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945); *ADT LLC v. NorthStar Alarm Servs., LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017); *Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary*

4

*Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 848-49 (7th Cir. 2010); *see also Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1351 (Fed. Cir. 1998) ("Non-parties may be held in contempt, however, if they 'either abet the defendant, or [are] legally identified with him.'") (quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 833 (2d Cir. 1930)); *Thaxton v. Vaughan*, 321 F.2d 474, 478 (4th Cir. 1963) ("Action as an alter ego, or in *collusion*, is required to find concert or participation under rule 65(d).") (emphasis added).

19. The Fourth Circuit has explained that "[t]he plain language of the rule [65(d)] establishes the principle that a court, in the exercise of its equitable powers, may hold in contempt those who act in concert with named parties to frustrate an injunctive decree or to avoid compliance with it." *EEOC v. Int'l Longshoremen's Ass'n*, 541 F.2d 1062, 1063-64 (4th Cir. 1976).

20. Courts often frame the issue as to whether the nonparties are "aiding and abetting" the enjoined party. *FTC. v. Leshin*, 618 F.3d 1221, 1235-36 (11th Cir. 2010); *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 75 (1st Cir. 2002); *Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir. 1990). As the Court of Appeals for the First Circuit has explained:

> There are two elements essential to invocation of this theory. The first is state of mind: a nonparty must know of the judicial decree, and nonetheless act in defiance of it. The second is legal identification: the challenged action must be taken for the benefit of, or to assist, a party subject to the decree.

*Goya Foods, Inc.*, 290 F.3d at 75.

21. In violation of the Orders, the treesitters—acting in active concert and participation with the Terrys and aiding and abetting them—are denying access to and use of the Easements by MVP.

22. As parties to the Orders, the Terrys are prohibited from delaying, obstructing, or interfering with access to or use of the Easements by MVP. The Terrys are also prohibited from nullifying the Orders "by carrying out prohibited acts through aiders and abettors." *Regal Knitwear*, 324 U.S. at 14; *see Institute of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 950 (9th Cir. 2014) ("It is clear to us that if a non-party to an injunction may be held in contempt for aiding and abetting violations of an injunction, a party to an injunction may be as well.").

23. In violation of the Orders, the Terrys—by their own actions and failures to act and by and through the actions of the treesitters—are denying access to and use of the Easements by MVP.

24. A verification is attached as Exhibit 2.

## CONCLUSION

WHEREFORE, MVP moves the Court to convene a hearing and to take all necessary action to enforce the Orders and to grant MVP appropriate relief, including, but not limited to, entry of an order:

A. Finding the Terrys and the treesitters in civil contempt;

B. Directing the Terrys to prohibit and prevent any treesitting or other occupation of or interference with the Easements;

C. Imposing prospective civil fines on the violators for each day that the violations continue;

D. Directing the United States Marshals Service to take all necessary action to enforce the Orders, including removal of the treesitters from the Easements and preventing further violations of the Orders;

E. Awarding MVP damages sustained as a result of the violations, including reasonable attorney's fees and costs; and

F. Granting such further relief as the Court deems necessary to abate the violations and remedy the harm to MVP.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Stephen M. Hodges
 VSB No. 1220
Wade W. Massie
 VSB No. 16616
Mark E. Frye
 VSB No. 32258
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, VA  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
shodges@pennstuart.com
wmassie@pennstuart.com
mfrye@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
        Wade W. Massie

7

## CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of April, 2018, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record. I also certify that I have mailed a copy of this motion to the following parties who have appeared pro se:

>Elijah Howard
>Kristin Howard
>2219 Willis Hollow Road
>Shawsville, VA  24162
>
>Delmer Wayne Howard
>2740 Reese Mountain Road
>Elliston, VA  24087

I further certify that I will attempt to serve a copy of this motion on the treesitters Theresa Ellen Terry and Theresa Minor Terry.

>*/s/ Wade W. Massie*
>Wade W. Massie