IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:17-cv-00492 |
| | ) | |
| EASEMENTS TO CONSTRUCT, | ) | By: Elizabeth K. Dillon |
| OPERATE, AND MAINTAIN A | ) | United States District Judge |
| NATURAL GAS PIPELINE OVER | ) | |
| TRACTS OF LAND IN GILES COUNTY, | ) | |
| CRAIG COUNTY, MONTGOMERY | ) | |
| COUNTY, ROANOKE COUNTY, | ) | |
| FRANKLIN COUNTY, AND | ) | |
| PITTSYLVANIA COUNTY, VIRGINIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In accordance with the accompanying memorandum opinion, the court ORDERS as follows:

1. Mountain Valley Pipeline's (MVP's) motion to enforce injunction on MVP parcel numbers VA-RO-045 and VA-RO-046 (Dkt. No. 790) is GRANTED to the extent of the relief ordered herein. If MVP wants to file a separate motion for attorneys' fees related to the contempt proceedings, with supporting documentation, it should do so not later than May 31, 2018.

2. The Terrys' cross-motion for contempt (Dkt. No. 830) is DENIED.

3. The Terrys' motion to stay (Dkt. No. 839) is DENIED AS MOOT.

4. The court FINDS John Coles Terry III in CONTEMPT of the court's March 7, 2018 orders related to his properties (Dkt. Nos. 592, 593). He is ORDERED to pay a compensatory fine of $2,000 to MVP.

5. The court FINDS Theresa Ellen Terry in contempt of the court's March 7, 2018 order related to MVP parcel number VA-RO-046 (Dkt. No. 593). She is hereby ORDERED to vacate the tree stand where she has been staying and to leave the boundaries of MVP's Easements.

6. The court FINDS Theresa Minor Terry in contempt of the court's March 7, 2018 order related to MVP parcel number VA-RO-045 (Dkt. No. 592). She is hereby ORDERED to vacate the tree stand where she has been staying and to leave the boundaries of MVP's Easements.

7. Coles Terry, Theresa Ellen Terry, and Theresa Minor Terry are further ORDERED to cease and desist from occupation of, or interference with, any of MVP's Easements. They, and those in active concert and participation with them, are prohibited from delaying, obstructing, or interfering with access to or use of the Easements by MVP or its agents, servants, employees, or contractors.

8. With regard to Theresa Ellen Terry and Theresa Minor Terry (the tree-sitters), it is hereby ORDERED as follows:

    a. Each tree-sitter has until 11:59 p.m. on Saturday, May 5, 2018, to descend voluntarily from her tree stand and to leave the boundaries of MVP's Easements. If either one of them complies with this paragraph, she shall be purged of the civil contempt and will not be subject to further action by this court with regard to the current contempt proceedings.

    b. Either tree-sitter who fails to descend from her tree stand and leave the boundaries of MVP's Easements by that time and date shall be required to pay a daily $1,000 fine to MVP, beginning on Sunday, May 6, 2018. For each day that she remains in the tree stand, she will be required to pay another $1,000 to MVP.

  c. If either tree-sitter should continue to occupy her respective tree stand after 11:59 p.m. on Thursday, May 10, 2018, it is hereby ORDERED that the United States Marshals Service (USMS) shall arrest her, in accordance with Paragraph 11 below.

9. At any time after the issuance of this order, the court authorizes the USMS to deploy all lawful means reasonably necessary to ensure officer safety and accomplish the provisions of this order, to include lighting the area by artificial light 24-hours-a-day, installing cameras, infrared, motion, and/or sound detectors (and monitoring same), and/or any other officer safety or crowd control technique or mechanism determined appropriate for use by the USMS, or its agents, to prevent harm to law enforcement or other persons, and to ensure compliance with this order.

10. If deemed necessary by the USMS, the USMS may obtain the assistance of state and local law enforcement officers to execute this order, or parts thereof, under the direction of the USMS.

11. If the tree-sitters, or either one of them, are still occupying a tree stand after 11:59 p.m. on May 10, 2018, it is further ORDERED as follows:

  a. The court directs the USMS, and its agents, to secure, at any time the USMS deems appropriate after 11:59 p.m. on May 10, 2018, the sites on which the tree-sitters are actively occupying tree stands, by means of establishing a secured perimeter around each site on which a tree-sitter is located. The perimeter shall have a minimum diameter of 150 yards, regardless of whether that area is within the easements to which MVP has been granted immediate possession, or outside of them. The perimeter shall also include 500 feet of elevation air space. The court further orders that the USMS is to remain at the aforementioned perimeter, to enforce the perimeter and all other provisions of this order, until this order is fully executed.

b. After the perimeter is established, no person other than law enforcement personnel may display, carry, or otherwise possess a firearm or any other form of weapon within the perimeter.

c. Any person(s) crossing the perimeter or otherwise violating a provision of this order without the express permission of the USMS shall be deemed in violation of this order and immediately subject to arrest. The USMS may use reasonable force to detain, arrest, and/or remove persons who are in violation of the perimeter or other provisions of this order, or who obstruct the USMS in performing their duties in carrying out the provisions of this order.

d. The court authorizes only USMS medical personnel or USMS-authorized medical personnel to evaluate the tree-sitters and to treat them if necessary and/or possible.

e. After the USMS establishes the perimeter, the USMS shall supply a reasonable daily quantity of food and drinking water at least once a day to the tree-sitters by placing it in any repository to which the tree-sitters have access. The USMS has the discretion to provide the food and water itself, to use food and water provided by others, or to use some combination thereof. If the USMS, in its discretion, determines that this method of providing food and water would compromise the security of USMS personnel or the tree-sitters, the USMS has discretion instead to offer a reasonable daily quantity of food and drinking water at least once a day at the base of the tree stand. Nothing in this order should be construed as requiring the USMS to ascend any trees in order to provide food or water to the tree-sitters.

f.  The USMS is directed to use reasonable force to remove the tree-sitters from the trees, place them under arrest, and bring them before the court, forthwith, at any time it deems appropriate after 11:59 p.m. on May 10, 2018.  After that date, and until such time as the USMS begins to physically remove them from the trees, the USMS will allow the tree-sitters, without being arrested by the USMS, to descend at any time freely (with the USMS providing them with a means of doing so) and to leave the perimeter immediately.  If either one descends freely within that time-period, but does not immediately proceed to a location outside the perimeter and remain outside the perimeter, the USMS shall place her under arrest and bring her before the court to enable the court to ensure compliance with its orders.  If either one announces an intention or desire to descend voluntarily within that time-period, but does not descend and proceed to a location outside the perimeter in a reasonable period of time thereafter, the USMS has the authority to use reasonable force to remove her from the tree, place her under arrest, and bring her before the court, forthwith.

g.  Upon the departure or removal of the tree-sitters, the USMS is authorized, but not required, to destroy and/or remove any tree stand structure or support apparatus used by said individuals if the felling of the tree itself is not imminent.

The Clerk is directed to provide a copy of this order and the accompanying memorandum opinion to the United States Marshal and to all counsel of record, including counsel of record for the Terrys, who have represented that they "are more than willing" to accept service on behalf of the tree-sitters. (Dkt. No. 826.)

Entered: May 4, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge