# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:17-cv-492 |
| | ) | |
| v. | ) | |
| | ) | |
| EASEMENTS TO CONSTRUCT, OPERATE | ) | By: Hon. Robert S. Ballou |
| AND MAINTAIN A NATURAL GAS | ) | United States Magistrate Judge |
| PIPELINE OVER TRACTS OF LAND IN | ) | |
| GILES COUNTY, CRAIG COUNTY, | ) | |
| MONTGOMERY COUNTY, ROANOKE | ) | |
| COUNTY, FRANKLIN COUNTY, AND | ) | |
| PITTSYLVANIA COUNTY, VIRGINIA, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## SETTLEMENT CONFERENCE ORDER

This order shall govern the settlement conferences to resolve the value of certain parcels of real property that are the subject of this eminent domain proceeding. It is **ORDERED** as follows:

1. All parties and their lead counsel (or counsel authorized to negotiate on behalf of the client) for the following tracts of land are required to appear at the settlement conference scheduled in the **United States District Court, Courtroom 3, 210 Franklin Road, Roanoke, VA 24011, at 9:00 a.m. on May 25, 2018, and ending at 1:00 p.m.**, for the purpose of conducting discussions, in good faith, towards a compromise resolution of the issues involving the referenced parcels.

| | MVP Parcel No.: | Landowner(s): |
|---|---|---|
| a. | VA-FR-008 | Lucy A. Price |

      b.        VA-FR-5434           Ronald B. Edwards, Sr., Gloria Martin, *et al*.

      c.        VA-FR-5492           Shelby A. Law

2.       At the settlement conference, the parties should be prepared to provide a brief presentation outlining the factual and legal highlights of the case to be followed by separate confidential caucuses with the Magistrate Judge.

3.       Each landowner with an interest in the affected property shall appear at the settlement conference or provide an appropriate power of attorney to the landowner(s) who will appear at the settlement conference. The power of attorney shall authorize the appropriate attorney-in-fact to enter into a binding legal agreement on behalf of the person who provided the power of attorney. Those appearing on behalf of the landowner(s) must be knowledgeable of the facts and prepared to resolve this matter.[1] Defendant's representative must be knowledgeable about the facts of the case and have final authority up to the highest amount of its evaluation of the value of the parcels at issue, to be employed at that person's discretion, to resolve all issues with regard to those parcels without having to seek or obtain additional authority from persons not in attendance. No party or party representative may appear at the settlement conference via telephone without first obtaining court approval. It is the responsibility of the landowner to identify all liens or other claims of right against the property and take all reasonable steps to resolve such liens or claims of right in advance of the settlement conferences, or to notify the Magistrate Judge and all parties of the status of such liens or claims and how those will affect any settlement. The requirements of this paragraph may only be waived by the Magistrate Judge.

---

1 If final authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated to a representative, an entity must disclose (in writing or electronically) this fact to all other parties and the Magistrate Judge at least 14 days before the mediation session will occur. The required disclosure must identify the board, body, or person in whom final settlement authority is vested. In this instance, the party must send the person (in addition to counsel of record) who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept proposed settlements.

4. Prior to the settlement conference, the parties should make good faith efforts to negotiate and settle the case. Specific proposals and counter proposals beyond the initial offer and demand should be exchanged. This exchange shall include drafts of the stipulation of dismissal, easement agreement and distribution/bond release order as necessary, so that the parties may discuss the terms of the proposed settlement agreement and identify those terms which are agreeable and those terms which are not agreeable to any party.

5. The substantive negotiations at the settlement conference are **CONFIDENTIAL** and may not be used by the parties for any purpose other than settlement. The parties and representatives attending or participating in the settlement conference are required to negotiate in good faith.

6. The parties are advised that during the course of the settlement conference, it is expected and understood that the Magistrate Judge will provide legal information and evaluation to aid the parties in making informed decisions. Such legal information and evaluation includes, for example, assessing the strength and weaknesses of factual and legal positions, the value and costs of alternatives to settlement, and any barriers to settlement. By participating in a settlement conference with the Magistrate Judge, the parties are deemed to have requested and consented to such an evaluative approach. Should a party not be interested in an evaluative approach, they should so advise the Magistrate Judge. In that case, the settlement conference will be cancelled, and the parties may avail themselves of private mediation.

7. The parties are further advised that (i) the Magistrate Judge does not provide legal advice; (ii) any agreement reached at the settlement conference may affect the legal rights of the parties; (iii) each party has the opportunity to consult with independent legal counsel at any time and is encouraged to do so; and (iv) each party should have any draft settlement agreement reviewed by independent counsel prior to signing the agreement.

8. The parties shall submit a mediation statement and any supporting documentation in the format provided by the court **two weeks** prior to the scheduled mediation. The parties are required to exchange statements so that the opposing side may have a complete understanding of each side's position. **This statement should not be electronically filed but is to be emailed to ballou.pipeline@vawd.uscourts.gov.** The parties may also submit a separate statement to the Magistrate Judge relating confidential or strategic issues affecting settlement.

9. Submissions to the court in preparation for the settlement conference should total no more than **ten (10) pages** combined, excluding exhibits.

10. If the case is resolved at the settlement conference, the parties will be required to execute all necessary settlement documents that day. Therefore, the parties shall bring an electronic version of proposed settlement documents, in Word format, to the conference to facilitate preparation and execution of those documents.

11. If a party appears at the settlement conference without having complied with the requirements of this Order or fails to negotiate in good faith at the settlement conference, the Magistrate Judge may continue or cancel the settlement conference, and may assess against the non-complying party, attorney, or both, a monetary sanction, which may include the fees and expenses incurred by the other parties in attending the settlement conference.

Entered: May 8, 2018

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge