IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:17-cv-00492 |
| ) | |
| EASEMENTS TO CONSTRUCT, ) | By: Elizabeth K. Dillon |
| OPERATE, AND MAINTAIN A ) | United States District Judge |
| NATURAL GAS PIPELINE OVER ) | |
| TRACTS OF LAND IN GILES COUNTY, ) | |
| CRAIG COUNTY, MONTGOMERY ) | |
| COUNTY, ROANOKE COUNTY, ) | |
| FRANKLIN COUNTY, AND ) | |
| PITTSYLVANIA COUNTY, VIRGINIA, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Pending before the court is a motion by Mountain Valley Pipeline (MVP) seeking enforcement of the court's prior injunction as it relates to a certain parcel of land in the path of the pipeline. (Dkt. No. 875.) Specifically, the motion relates to the property known as MVP parcel number VA-FR-076.01, which is owned by David J. Werner, Betty B. Werner, Ian Elliott Reilly, and Carolyn Elizabeth Reilly. The motion requests that the court hold in contempt an unidentified person or persons (the Tree-sitters or John or Jane Doe)[1] who are occupying tree stands on the tract within the limits of the easements (the Easements) over which MVP has been granted immediate possession by this court. Based on evidence before the court, there are at least two specific Tree-sitters. The first is a John Doe, apparently known as "Ink." The second is female and will be referred to as Jane Doe.

---

[1] The Tree-sitters have been wearing masks to conceal their identities.

At the time MVP filed its motion, MVP alleged that there was one individual Tree-sitter, now known to be Ink, in a tree within the Easements on the property. (Dkt. No. 875.) In addition to notice given by MVP, this court gave notice of the contempt hearing to that Tree-sitter through its order to show cause, which was both posted on the tree where the Tree-sitter was located and read to him by a member of the United States Marshals Service (USMS).

According to the evidence presented, this morning, the day that the hearing was to begin at 1:00 p.m., Ink came down and Jane Doe ascended into a different tree. Jane Doe, while located physically outside of the Easements, is connected to a rope system tied to a tree within the Easements. Thus, her presence there continues to interfere with MVP's ability to cut trees within the Easements safely. Upon learning of this development, the court directed the USMS to go to the property and to read a revised show cause order to Jane Doe. That was done prior to the hearing. The court therefore concludes that both Ink and Jane Doe had notice of the May 28, 2018 hearing and had the opportunity to be heard. No Tree-sitter appeared for the hearing.

Counsel for MVP advised that, shortly before the hearing was to begin, Jane Doe came down from the tree. Because of this, there is not currently any Tree-sitter interfering with MVP's use of the Easements. Nonetheless, evidence introduced at the hearing suggests that the Tree-sitters are familiar with this court's orders, including its prior order declining to hold the Tree-sitters in contempt due to a lack of certain notice. Based on all the evidence, the court easily concludes that the behavior of the Tree-sitters to date suggests they will attempt to violate this court's prior order again. As the court stated at the hearing, these court proceedings are not a game. The Tree-sitters appear to be using their anonymity, coupled with the court's concerns over notice to them, as a tool to shield them from contempt. But, as discussed below, the court concludes that MVP is entitled to the benefit of the order previously entered in its favor. Thus,

the court will grant MVP's motion for enforcement. The court sets forth its reasons briefly, but also incorporates its prior opinion and order finding the Reillys in contempt (Dkt. Nos. 863, 864) as if fully stated herein.

As already determined by that prior opinion and order, the Tree-sitters have been acting in concert with at least two of the landowners on the parcel, who are parties to the court's prior order. (*See* Dkt. No. 864.) "[T]he plain language of [Federal Rule of Civil Procedure 65] establishes the principle that a court, in the exercise of its equitable powers, may hold in contempt those who act in concert with named parties to frustrate an injunctive decree or to avoid compliance with it. The principle is confirmed by precedent." *E.E.O.C v. Int'l Longshoremen's Assoc.*, 541 F.2d 1062, 1064 n.1 (4th Cir. 1976) (citing *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9 (1945), *Thaxton v. Vaughan*, 321 F.2d 474 (4th Cir. 1963), *Day Companies v. Patat*, 440 F.2d 1343 (5th Cir. 1971), and *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 833 (2d Cir. 1930)). Thus, the mere fact that the Tree-sitters are not parties to the underlying suit or injunction does not protect them from being held in contempt.

In order to find a person in civil contempt, the person moving for a contempt finding must prove each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge;
>
> (2) that the decree was in the movant's "favor";
>
> (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and
>
> (4) that [the] movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (citation omitted).

Based on the evidence presented at the May 28, 2018 hearing and at the prior hearing on this matter, the court concludes that MVP has established the contempt of Ink and of Jane Doe by clear and convincing evidence.  The court's March 8, 2018 order granting MVP possession of the Easements included the following prohibition:

> It is further ORDERED that defendants and their agents, servants, employees, and those in active concert and participation with them, are prohibited from delaying, obstructing, or interfering with access to or use of the Easements by MVP or its agents, servants, employees, or contractors.

(Dkt. No. 658.)  As the court has previously determined, that order is a valid decree in MVP's favor.  The court also concludes that both Ink and Jane Doe had actual, or at least constructive knowledge, of that decree.  As to the third element, Ink's and Jane Doe's interference with MVP's use of the Easements, and, in particular, its ability to fell trees within the Easements, violated the court's order.  Any further interference would continue to violate the court's order.  It is also undisputed that MVP has suffered thousands of dollars in damages as a result of the Tree-sitters' interference.  The court specifically finds, therefore, that MVP has established that both Ink and Jane Doe should be held in civil contempt.

With regard to an appropriate remedy, MVP's evidence indicates that time is of the essence.  The court further notes that the Tree-sitters have flaunted their violations of the court's order and have exhibited an unwillingness to conform voluntarily with the court's orders.

The ultimate remedy that MVP seeks is the ability to use and work on the area of its Easements unimpeded, which will require Ink and Jane Doe to remain off the path of the Easements and to cease interfering with MVP's work on the Easements, including tree-felling. The contempt sanctions herein are designed both to compensate MVP and to provide that remedy.

4

Accordingly, the court will fine both Ink and Jane Doe.  The fines shall be payable to MVP to compensate it for a portion of the losses it has sustained.  Ink, who has been in a tree stand since at least May 16 and until the date of the hearing, will be fined $5,000.  Jane Doe was in a tree stand outside the Easements with a rope connected to a tree within the Easements for only a portion of the day of the hearing, and she ascended to the tree in what appears to be a deliberate effort to avoid notice of today's proceeding.  She will be fined $1,000.

Additionally, both of them shall remain outside the boundaries of MVP's Easements and shall remain a safe distance away from the Easements so as not to interfere with MVP's construction activities, including tree-felling.  In the event that either Ink or Jane Doe fails to follow this directive, the court may issue a warrant for his or her arrest, and he or she may be subject to arrest by the United States Marshals Service in order for the court to coerce compliance with its orders.  An appropriate order will be entered to effectuate the court's ruling.

Entered: May 28, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge