# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Roanoke Division

**MOUNTAIN VALLEY PIPELINE, LLC,**

      **Plaintiff,**

**v.**                               **Civil Action No. 7:17CV492-EKD**

**EASEMENTS TO CONSTRUCT, OPERATE,
AND MAINTAIN A NATURAL GAS
PIPELINE OVER TRACTS OF LAND IN
GILES COUNTY, CRAIG COUNTY,
MONTGOMERY COUNTY, ROANOKE
COUNTY, FRANKLIN COUNTY, AND
PITTSYLVANIA COUNTY, VIRGINIA,
*et. al.*,**

      **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF AND TO RESCHEDULE JANUARY 4, 2019 HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COME NOW Tammy Belinsky ("Belinsky"), on behalf of herself and all persons known and unknown who are consulting with and/or providing counsel to Tree Sitters 1 and 2 ("the Tree-Sitters"), and Daniel Breslau ("Breslau"), on behalf of himself and all those persons known and unknown who are supporting Tree-Sitters 1 and 2 ("the Tree-Sitters"), by counsel, and hereby submit this Memorandum of Law in support of their Motion for Leave to File *Amicus Curiae* Brief and to Reschedule January 4, 2019 hearing. Belinsky and Breslau respectfully request that this Court grant them leave to file an *Amicus Curiae* brief in opposition to Plaintiff's Motion for a Preliminary Injunction Against Tree-Sitters on MVP Parcel No. VA-MO-022, and reschedule the hearing currently scheduled for January 4, 2019 in order to permit counsel for

*Amici Curiae* to participate in the hearing. In support thereof, Belinsky and Breslau state as follows:

**ARGUMENT**

District courts have the discretion to grant leave to file an *amicus curiae* brief and the inherent authority to appoint "friends of the court" to assist in their proceedings. *See Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n. 34 (11th Cir. 2006); *Jin v. Ministry of State Security,* 557 F. Supp. 2d 131, 136 (D.D.C. 2008). *See also Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (noting that non-parties have the option to file *amicus* briefs in district court proceedings and that such *amici* "often make useful contributions to litigation"). Judges in the Western District of Virginia have demonstrated a willingness to entertain *amicus* briefing to provide additional guidance to the court. *See., e.g., Virginia Uranium, Inc. v. McAuliffe*, No. 4:15-cv-00031, 2015 U.S. Dist. LEXIS 141459 (W.D. Va. Oct. 19, 2015); *Stinnie v. Holcomb*, No. 3:16-cv-44, Order Granting Leave to File a Brief as *Amicus Curiae*, ECF #25 (W.D. Va. Nov. 4, 2016).

Counsel for Belinsky and Breslau has previously represented individuals whose interests are adversely affected by the Mountain Valley Pipeline or who have been prosecuted at the behest of Mountain Valley Pipeline, LLC. Belinsky herself has been retained as an attorney in various anti-pipeline matters and has consulted with representatives of the Tree-Sitters in the instant matter. Upon information and belief, other attorneys have consulting with and/or may represent the Tree-Sitters as well. Breslau, an Associate Professor at Virginia Tech, has supported the efforts of the Tree-Sitters in their protest of the pipeline, including through moral support. Upon information and belief, many other individuals have also supported the activities

2

of the Tree-Sitters in protecting property and the environment from the activities of Mountain Valley Pipeline, LLC.

Plaintiff's request for relief in its Motion for Preliminary Injunction is overreaching and overbroad, potentially resulting in the arrest of any attorney who represents or merely consults with the Tree-Sitters or of any person who provides support of any kind, moral or otherwise, to the Tree-Sitters. If such a request for relief were granted, it would improperly infringe upon the Tree-Sitters' right to counsel and violate their due process rights, both guaranteed under the United States Constitution. Further, such relief would intimidate Belinsky, as well as other attorneys, in the practice of law, including in their representation of or consultation with the Tree-Sitters.

The language employed by the Plaintiff in its request of this Court would also make any order enjoining the Tree-Sitters from occupying or otherwise interfering with MVP's use of easements equally applicable to "all other persons who are in active concert or participation with them." Such language is incredibly broad and undefined, however, and would directly impact the rights of the citizens of this Commonwealth and nation to freely speak out against the pipeline and to support the positions and actions taken by those who directly oppose the activities of MVP, even threatening such attorneys and supporters with the possibility of arrest by United States Marshals.

Both Belinsky and Breslau, on their own behalf and on behalf of others engaged in similar activities, have a vested interest in this matter and seek leave to provide the Court with an important perspective upon Plaintiff's improper request. In addition, the Tree-Sitters, who have no ownership or other economic interest in the subject property whatsoever, are not properly

3

joined as defendants in this condemnation action in the first instance, under Federal Rule of Civil

Procedure 71.1.[1]

Belinsky, on behalf of all persons known and unknown who are consulting with and/or

providing counsel to the Tree Sitters, and Breslau, on behalf of himself and all those persons

known and unknown who are supporting the Tree-Sitters, have a vested interest in this case and

the relief that this Court may order and seek to offer the Court relevant information for its use in

ruling on the Motion for Preliminary Injunction, as will be more fully set forth in the *amicus*

*curiae* brief to be filed with this Court.  Further, as set forth in the accompany motion, counsel

for Belinsky and Breslau is unable to attend the hearing currently set for Friday, January 4, 2019

due to a death in the family.

WHEREFORE, Belinsky and Breslau respectfully request that they be granted leave to

file an *amicus* brief by Wednesday, January 9, 2019, that the hearing currently scheduled for

January 4, 2019 be rescheduled for January 11, 2019, or such other date determined by this

Court, and that counsel for Belinsky and Breslau be permitted to participate in such hearing.

---

[1] Further, numerous state and federal agencies have revoked several of Mountain Valley Pipeline's permits, and these decisions, along with decisions from this Court, are currently under review.  It is unclear at this point whether the Plaintiff would or could engage in any further construction activities in the area in which the Tree-Sitters are currently located.

Respectfully submitted,

TAMMY BELINSKY, on behalf of herself
and all persons known and unknown who
are consulting with and/or providing
counsel to Tree Sitters 1 and 2, and
DANIEL BRESLAU, on behalf of himself
and all persons known and unknown who
are supporting Tree Sitters 1 and 2


 /s/   Carrol M. Ching


John P. Fishwick, Jr. (VSB #23285)
John.Fishwick@fishwickandassociates.com
Carrol M. Ching (VSB #68031)
Carrol.Ching@fishwickandassociates.com
Fishwick & Associates PLC
30 Franklin Road, Suite 700
Roanoke, Virginia 24011
(540) 345-5890 Telephone
(540) 343-5789 Facsimile
*Attorneys for Amici Curiae*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record and that I will subsequently arrange service of this filing upon Tree-Sitters 1 and 2.


/s/ Carrol M. Ching