IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EASEMENTS TO CONSTRUCT, ) <br> OPERATE, AND MAINTAIN A ) <br> NATURAL GAS PIPELINE OVER ) <br> TRACTS OF LAND IN GILES COUNTY, ) <br> CRAIG COUNTY, MONTGOMERY ) <br> COUNTY, ROANOKE COUNTY, ) <br> FRANKLIN COUNTY, AND ) <br> PITTSYLVANIA COUNTY, VIRGINIA, *et* ) <br> *al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 7:17-cv-00492 <br><br> By: Elizabeth K. Dillon <br> United States District Judge |

## ORDER

On January 3, 2019, Tammy Belinsky and Daniel Breslau, on behalf of themselves and all known and unknown persons who are consulting with, providing counsel to, and/or supporting Tree-Sitters 1 and 2, filed a motion for leave to participate in this action and file an *amicus curiae* brief in opposition to MVP's motion for a preliminary injunction against the Tree-Sitters on MVP Parcel No. VA-MO-022. (Mot. Leave, Dkt. No. 1115.) Belinsky and Breslau also requested that the court reschedule its hearing on MVP's motion for a preliminary injunction. (*Id.* at 1.) A hearing was held on the motion on January 4, 2019, so Belinsky and Breslau's request is moot in this regard. (Dkt. No. 1128.) However, because MVP's motion for a preliminary injunction was taken under advisement, the portion of their motion seeking leave to submit an *amicus curiae* brief remains pending.

The decision of whether to accept amicus briefs is within the broad discretion of the district court. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Perry-Bey v. City of Norfolk, Virginia*, No. 2:08-cv-100, 2008 WL 11348007, at *2 (E.D. Va. Aug. 14, 2008); *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). It is also solely within the district court's discretion "to determine the fact, extent, and manner of participation by the amicus." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting *United States v. Microsoft Corp.*, No. 98-cv-1232, 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002)). "An amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

In their motion, Belinsky and Breslau represent that they are appropriate participants in this case because of Belinsky's retention "as an attorney in various anti-pipeline matters" and "consult[ation] with representatives of the Tree-Sitters in the instant matter," and Breslau's position as an associate professor at Virginia Tech and his support for the Tree-Sitters protesting the MVP pipeline. (Mot. Leave 2.) They assert that their reason for participating in the case is to provide the court with an "important perspective" based on their "vested interest in this matter." (Mem. Supp. Mot. Leave 3, Dkt. No. 1116.) Specifically, they contend that MVP's motion for a preliminary injunction is overbroad because it could potentially result in the arrest or intimidation of any attorney or person who represents, consults, or supports the Tree-Sitters, or it could impact citizens' rights to protest the pipeline and support other protesters. (*Id.*) In its opposition, MVP argues that Belinsky and Breslau have not demonstrated their relevant unique

knowledge or that they hold important information regarding this case. (Resp. Mot. Leave, Dkt. No. 1117.) MVP also refutes their contention that the language in its motion for a preliminary injunction is overly broad, arguing that the language is "routinely used in injunctions across the country." (*Id.* at 4.)

The court finds that an *amicus curiae* brief in opposition to MVP's motion for a preliminary injunction would be helpful to its determination on this matter. Most significantly, no counsel has entered an appearance on behalf of the Tree-Sitters, and no party has advocated a position contrary to MVP's. So, the arguments contained in the *amicus curiae* brief would give the court additional information beyond what was presented at the hearing and in MVP's motion and may be helpful to the court.

Accordingly, Belinsky and Breslau's motion for leave to file an *amicus curiae* brief (Dkt. No. 1115) is GRANTED. It is ORDERED that Belinsky and Breslau shall file an *amicus curiae* brief on or before January 16, 2019, and MVP may file a response not later than seven days after the filing of the brief.

The clerk is directed to provide a copy of this order to all counsel of record.

Entered: January 9, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

3

Case 7:17-cv-00492-EKD Document 1132 Filed 01/09/19 Page 3 of 3 Pageid#: 32264