IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, </br></br>Plaintiff, </br></br>v. </br></br>EASEMENTS TO CONSTRUCT, OPERATE AND MAINTAIN A NATURAL GAS PIPELINE OVER TRACTS OF LAND IN GILES COUNTY, CRAIG COUNTY, MONTGOMERY COUNTY, ROANOKE COUNTY, FRANKLIN COUNTY, AND PITTSYLVANIA COUNTY, VIRGINIA, et al., </br></br>Defendants. | Civil Action No. 7:17-cv-492-EKD |

**MEMORANDUM OPINION**

I.  INTRODUCTION

Before the court are Mountain Valley Pipeline's (MVP) requested amendment to paragraph 69 of its complaint that seeks to add unnamed tree-sitters as defendants (Dkt. Nos. 1094, 1095) and MVP's motion for a preliminary injunction against those tree-sitters (Dkt. No. 1108). MVP alleges that there are two tree-sitters on the Bohon property that are preventing MVP from clearing trees and that they or their supporters have, on at least two occasions, assaulted a security officer who was accompanying the tree-clearing crew. (Dkt. No. 1262.)

Procedurally, the proposed addition of tree-sitters as parties to the case and the request for a preliminary injunction enjoining them from occupying or otherwise interfering with MVP's use of the easements differ from prior MVP motions that were granted by the court. Those prior motions (Dkt. Nos. 790, 791) sought relief to enforce this court's orders prohibiting defendants and related categories of persons from interfering with MVP's access to, or use of, its easements. The motions also asked the court to hold the tree-sitters in civil contempt. The tree-sitters in

those cases were shown to be acting in concert with named parties (landowners) to interfere with the court's orders. Unlike the factual circumstances in those prior proceedings, there is no allegation or proof here that the tree-sitters are acting in concert with the landowners. Moreover, in one of its previous rulings, the court found that a landowner's failure to asking a tree-sitter to leave the property was insufficient, by itself, to prove concerted action to frustrate or interfere with the court's injunction so as to find a landowner or tree-sitter in contempt. (Mem. Op. 3–4, Dkt. No. 863.) Presumably, these rulings led MVP to pursue an attempt to add the tree-sitters as defendants here.

For the reasons discussed herein, the court finds that the tree-sitters are not proper defendants in the case and will dismiss them. The court will also deny MVP's motion for a preliminary injunction. This ruling, however, does not mean that MVP is without remedies.

## II. BACKGROUND

On December 20, 2018, Mountain Valley Pipeline (MVP) filed an amendment pursuant to Federal Rule of Civil Procedure 71.1(f) purporting to amend paragraph 69 of its complaint regarding MVP Parcel Numbers VA-MO-022 and VA-MO-023, owned by Cletus Woodrow Bohon and Beverly Ann Bohon, stating that unnamed Tree-Sitter 1 and Tree-Sitter 2 are "occupying the easements on the property, and MVP intends to seek removal of these individuals and those supporting them." (Dkt. No. 1094.) MVP also filed a Notice of Filing of Amendments, which states that "MVP is amending paragraph 69 of the complaint to add Tree-Sitter 1 and Tree-Sitter 2 as defendants." (Dkt. No. 1095.) In response to these two filings, the court entered an order to show cause regarding: (1) why parcel VA-MO-023 was included in the amendment when it appeared that the purported owners never owned that specific parcel and that the parcel had been dismissed; and (2) why the court should not dismiss the tree-sitter defendants

2

Case 7:17-cv-00492-EKD   Document 1291   Filed 08/02/19   Page 2 of 14   Pageid#: 33666

as improperly joined under Federal Rule of Civil Procedure 71.1(i)(2).  (Order Show Cause, Dkt. No. 1097.)

In its response to the order to show cause, MVP explained the status of VA-MO-023 to the court's satisfaction.  As relevant here, both parcels have been merged into a single parcel that is now designated as VA-MO-022 (Resp. Order Show Cause 2, Dkt. No. 1098), and it is no longer necessary to address that issue.

As to the joinder of the tree-sitter defendants, MVP explains that the tree-sitters and their supporters are on the land comprising the revised route MVP seeks to condemn.  (*Id.* at 1–2.)  Because the court granted MVP immediate possession of the relevant area (Dkt. No. 1071), MVP asserts that the tree-sitters are interfering with its use of the easements.  Accordingly, MVP responds to the court's show cause order by characterizing the tree-sitters' occupation—with the "express purpose and intent of preventing MVP from exercising its rights under the Court's order"—as claiming an interest in the property under Rule 71.1(c)(3).  (Resp. Order Show Cause 3–4.)

In addition, MVP notes that Rule 71.1(a) dictates that the other federal rules of civil procedure apply in condemnation proceedings except as the rule provides otherwise.  Because Rule 71.1 "does not state that owners and claimants are the only persons who may be joined as defendants," MVP argues, the joinder rules under Rule 20 apply.  (*Id.* at 4.)  MVP contends that if landowners or tree-sitters are blocking the easements, then the purpose of this case—which MVP describes as its entitlement to immediate possession of the easements needed to construct and operate the pipeline and its ability to obtain them by condemnation—will not be met.  As such, because MVP seeks possession of the easements from both the landowners and tree-sitters in order to construct the pipeline, it argues that the claims for relief against both "arise out of the same transaction or occurrence, and common questions of law or fact arise with respect to them,"

3

pursuant to Rule 20, thereby allowing joinder of the tree-sitters. (*Id.* at 5.) As a final note, MVP states that, although it could, it should not have to proceed against the landowners for contempt and seek removal of the tree-sitters as persons in active concert, or seek relief in state court, in order to have the tree-sitters removed. (*Id.* at 6.)

Shortly after it filed its response to the court's order to show cause, MVP filed a motion for a preliminary injunction against the tree-sitters. (Mot. Prelim. Inj., Dkt No. 1108.) In it, MVP reiterates its belief that the tree-sitters are proper parties. Under the relevant factors set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008), MVP asserts that it is entitled to injunctive relief because (1) it is likely to succeed on the merits since the court already determined it is entitled to condemn easements on the property; (2) it will suffer irreparable harm without injunctive relief because construction of the pipeline will be delayed; (3) the balance of equities tips in MVP's favor because the tree-sitters have no legal right to occupy the easements and they will not sustain legal injury if removed; and (4) a preliminary injunction is in the public's interest since FERC determined that the pipeline will serve public convenience and necessity. (Mot. Prelim. Inj. at 2–3.) As such, MVP seeks an order enjoining the tree-sitters from occupying or interfering with MVP's use of easements on any parcels needed for the pipeline, directing the tree-sitters to vacate their tree-stands and the easements on parcel VA-MO-022, imposing fines against the tree-sitters, making the order applicable to agents, servants, employees, and attorneys of, or people in active concert or participation with, the tree-sitters, and directing the United States Marshal Service to take necessary action for enforcement of the order. (*Id.* at 3–4.)

On January 4, 2019, the court held a hearing on its order to show cause and MVP's motion for a preliminary injunction. (Dkt. Nos. 1111, 1128.) MVP appeared and argued, but the tree-sitters were not present at the hearing. However, counsel for amicus curiae, Tammy

4

Belinsky and Daniel Breslau, appearing on their behalf and on behalf of all persons consulting with, providing counsel to, or supporting the tree-sitters, argued in support of their motion for leave to file an amicus curiae brief in opposition to MVP's motion for a preliminary injunction. (Dkt. Nos. 1115, 1128.) The court took all motions under advisement and later granted the motion for leave to file an amicus curiae brief.[1] (Dkt. Nos. 1128, 1132.) Belinsky and Breslau filed their brief in opposition to MVP's motion for a preliminary injunction, arguing that the tree-sitters were improperly joined as defendants and that MVP's motion should be denied. (Br. Opp'n Mot. Prelim. Inj., Dkt. No. 1142.) MVP then filed a reply brief. (Reply Mem. Supp. Mot. Prelim. Inj., Dkt. No. 1143.) MVP also filed notices of additional evidence with regard to its schedule, costs, the fact that tree-sitters are still present in the location (but may now be different people), and noting the assaults upon its security guards by tree-sitters or their supporters. (Dkt. Nos. 1234, 1245, 1262, 1290.)

The matters relating to the order to show cause and the motion for a preliminary injunction have been thoroughly briefed and are ripe for resolution.

## III. DISCUSSION

Consideration of this matter is limited to whether the tree-sitters may be properly joined as defendants in this case because the court's resolution of that issue also resolves the motion for a preliminary injunction.[2] At the outset, the court notes that, despite significant research, there is a paucity of guiding authority on the issue before it: whether the tree-sitters may be properly

---

[1] The motion for leave was filed the day before the January 4, 2019 hearing and also asked the court to reschedule the hearing to January 11, 2019. (Dkt. No. 1115.) Because the court still held the hearing on its order to show cause and MVP's motion for preliminary injunction on January 4, 2019, it noted in its order granting the motion for leave that the request to reschedule the hearing was moot in that regard, but was otherwise granted. (Dkt. No. 1132.)

[2] Additionally, even if the tree-sitters were added as defendants, there would be no need for a preliminary injunction as they would be bound by this court's order dated December 6, 2018, prohibiting them "and their agents, servants, employees, and those in active concert and participation with them . . . from delaying, obstructing, or interfering with access to or use of the Easements by MVP or its agents, servants, employees, or contractors." (Dkt. No. 1071.)

5

added as defendants in this case involving condemnation of real property. Because MVP relies upon both Rule 71.1 (Condemning Real or Personal Property) and Rule 20 (Permissive Joinder of Parties) of the Federal Rules of Civil Procedure in support of its request, the court will address this issue under both rules.

**A. Federal Rule of Civil Procedure 71.1 – Condemning Property**

MVP's original complaint was filed pursuant to Rule 71.1 and MVP's power of eminent domain as authorized by the Natural Gas Act. Under Federal Rule of Civil Procedure 71.1(c)(3), "[w]hen the action commences, the plaintiff need join as defendants only those persons who have or claim an interest in the property and whose names are then known." Thus, all persons having any interest in the property to be condemned should be joined as defendants. 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3045 (3d ed. 2018).

So, first, under Rule 71.1, the court must look to whether the tree-sitters have or claim an interest in the property. As the United States Supreme Court has recognized, the "Takings Clause protects private property; it does not create it." *Washlefske v. Winston*, 234 F.3d 179, 183-84 (4th Cir. 2000) (quoting *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998)). Thus, the court looks "to traditional rules of property law to determine whether a constitutionally protected interest exists . . . ." *Id*. To do this, courts generally turn to an examination of state law, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972), and examine "whether the government's action actually interfered with the [claimant's] antecedent bundle of rights," *Quinn v. Board of County Commissioners for Queen Anne's County, Maryland*, 862 F.3d 433, 439–40 (4th Cir. 2017) (quoting *Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 330 (4th Cir. 2005)). Moreover, there must be a "legitimate claim of entitlement" and not just a "mere hope or expectation." *Roth*, 408 U.S. at 577.

MVP concedes that the tree-sitters do not have an ownership interest in the property, but it nevertheless asserts that they are claimants, even though they have filed nothing with the court. It characterizes sitting in the trees as a claim to interest because, according to MVP, the actions are taken to prevent MVP from exercising its rights under the court's order. (Resp. Order Show Cause 3–4.) Further, MVP argues that by refusing to vacate the property, the tree-sitters are claiming the right to exclude MVP, and they therefore claim an interest in the property. (Reply Mem. Supp. Mot. Prelim. Inj. 5.) MVP readily admitted at the hearing, however, that the tree-sitters were not claiming any compensation for a taking of any property interest. There is no allegation or evidence that they have the landowner's permission to be on the property or that they hold some leasehold interest.

Looking then to Virginia law to see if the tree-sitters have any legitimate claim of entitlement such that they have a claim to any interest in the property, the court finds no such claim, nor does MVP provide the court with any legal support for its argument. Virginia eminent domain law provides little guidance. Under Virginia law, "property" for eminent domain purposes includes "land and personal property, and any right, title, interest, estate or claim in or to such property." *AGCS Marine Ins. Co. v. Arlington Cty.*, 800 S.E.2d 159, 171 (Va. 2017) (quoting Va. Code § 25.1-100 (2018)). The Virginia Code does not specifically define the term "claimant." *3232 Page Ave. Condo. Unit Owners Ass'n v. City of Va. Beach*, 735 S.E.2d 672, 676 (Va. 2012) (noting that "claimant" is not defined in the "definitions" section of the Virginia Code pertaining to eminent domain).

Looking to Virginia property law in general, the court finds no property interest by the tree-sitters. It appears that Virginia provides no rights to squatters, and counsel has not pointed the court to any such rights. That is not to say, of course, that the tree-sitters could not be engaged in activity that could eventually lead to a claim to the Bohon property. Under the

7

Virginia laws of adverse possession, the tree-sitters could acquire an interest if they could prove by clear and convincing evidence that their possession is "actual, hostile [meaning under a claim of right and adverse to the owner], exclusive, visible, and continuous for a period of 15 years." *Qiatannens v. Tyrrell*, 601 S.E.2d 616, 620 (Va. 2004). Because of this, the Bohons' failure to take action against the tree-sitters could eventually result in a property claim by the tree-sitters, but there is not one now.

The only case the court could find wherein a petition for damages for the taking of land was allowed to proceed under an adverse possession theory was from Massachusetts, *Andrew v. Nantasket Beach R. Co.*, 25 N.E. 966 (Mass. 1890). There, the petitioner's intestate "was in undisputed possession and occupation of the land when taken by defendants for their railroad, and had been so for a considerable number of years." 25 N.E. at 966. The court further noted that "there was evidence on which a jury might properly have found an adverse occupation of 20 years." *Id*. at 967. Moreover, "no one else had ever claimed either it [the property] or damages for its taking . . . ." *Id*.

Here, at this stage, the tree-sitters can be said only to occupy some of the trees on the property that is clearly owned by the Bohons, and the Bohons are the only ones claiming the property and compensation for its taking. "To entitle a person having a right of occupancy of real estate to recover compensation when the land is taken, he must have an actual estate or interest in the soil." *United States v. 180.37 Acres of Land*, 254 F. Supp. 209 (W.D. Va. 1966) (citing 2 Nichols, Eminent Domain § 5.23(7) (3d ed. 1963)). "Mere occupancy, unaccompanied by any claim of ownership, is not in and of itself an estate or interest in land sufficient to form the basis of a claim for damages when the land so occupied is taken by eminent domain. Thus, a trespasser is not entitled to compensation . . . ." 2 Nichols on Eminent Doman § 5.02[l] (3d ed.).

An examination of the cases cited by the MVP and the amici does not change the above analysis or support MVP's argument. In *Government of Virgin Islands v. Certain Parcels of Land in Estate Nisky*, 713 F.2d 53 (3d Cir. 1983), relied upon by amici and referenced by both parties, the Third Circuit acknowledged that a putative heir could qualify as "claiming" an interest under Rule 71.1, which seems to suggest that one must have a purported claim to an ownership interest to be considered a claimant, although the court did not limit its application of Rule 71.1 this way. 713 F.2d at 56–57. Nevertheless, the court's definition of a claimant for purposes of Rule 71.1 is instructive here. And, while MVP criticizes the amici's reliance on this case, it has not provided any contrary case law suggesting that someone without a purported claim to an ownership interest can be properly viewed as a claimant, and, consequently, as a proper party in a condemnation case.

In response, MVP cites to *United States v. 88.28 Acres*, 608 F.2d 708 (7th Cir. 1979), to assert that the tree-sitters claim an interest to the property. There, the Seventh Circuit found that the heirs of an individual were properly joined as defendants under Rule 71.1 because, "by virtue of either the pending quiet title suit in the Indiana state court or the title insurance policy showing the title in them," the heirs claimed an interest in the property. *Id.* at 710, 712. The Seventh Circuit's analysis has no similar application here; MVP has not demonstrated that the tree-sitters have or make the same or similar type of claim to the property.

Further, contrary to MVP's assertion that Rule 71.1 "should be read to allow MVP to join anyone occupying the property and denying access to MVP," a plain reading of Rule 71.1 weighs in favor of denying MVP's request to add the tree-sitters as defendants. (Reply Mem. Supp. Mot. Prelim. Inj. 6.) The tree-sitters clearly seem to be protesting the pipeline as a whole, rather than, as described in Rule 71.1(c)(3), "claim[ing] an interest in the property" upon which they are situated. *See, e.g.*, *Sabal Trail Transmission, LLC v. 7.72 Acres in Lee Cty., Ala.*, No.

9

Case 7:17-cv-00492-EKD   Document 1291   Filed 08/02/19   Page 9 of 14   Pageid#: 33673

3:16-cv-173(L), 2016 WL 8900100, at *8 (M.D. Ala. June 3, 2016) (concluding that a company with "its own easement interests at stake" with regard to the property at issue was not a proper defendant to be joined under Rule 71.1(c)(3) because the evidence only showed that the company "may or may not have [had] an interest in the easement where the pipeline may run," and, thus, the defendants did not "reach the hurdle of showing [the company had] an interest"). Importantly, Rule 71.1 has been characterized as a rule to provide a simple and uniform procedure that allows landowners to receive their *compensation* more quickly. Wright et al., *supra*, § 3041. But here, the tree-sitters would not be entitled to compensation, nor do they seek it. Simply put, the tree-sitters do not assert a property right in the parcel at issue; therefore, they do not claim an interest in the property and are not proper defendants under Rule 71.1.

**B. Federal Rule of Civil Procedure 20 – Permissive Joinder of Parties**

Even if the tree-sitters do not claim a property interest such that they *must* be joined under Rule 71.1(c)(3), the question remains whether they *may* be joined through permissive joinder. MVP posits that while Rule 71.1 requires joinder of those having or claiming an interest, it does not limit permissible parties only to those having or claiming an interest. Rather, it also allows the general rules of civil procedure to "govern proceedings to condemn real . . . property by eminent domain, *except as [it] provides otherwise*," thereby allowing Rule 20 to apply. MVP cites to *McLaughlin v. Mississippi Power Co.*, in which the Fifth Circuit explained that persons joined as defendants to the condemnation action must have been joined under a different rule than Rule 71.1, such as Rule 19 or 20, since Rule 71.1 "permits joinder of pieces of property, not parties." 376 F.3d 344, 353–54 (5th Cir. 2004) (quoting Fed. R. Civ. P. 71.1).

In their brief, Belinsky and Breslau assert that MVP improperly relies on Rule 20 in support of adding the tree-sitters as defendants, since Rule 71.1 has its own provision regarding joinder of parties, and principles of statutory construction determine that "the specific governs

10

the general." (Br. Opp'n Mot. Prelim. Inj. 7–8.) They further argue that if Rule 20 were to apply, the tree-sitters and defendants in this action do not share common questions of law or fact because whether the tree-sitters should be ordered to vacate their positions is unique to the tree-sitters alone. They do not address the same transaction or occurrence requirement. (*Id.* at 8.)

Under Rule 20, persons may be joined as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). The purpose of Rule 20 is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Sabal v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983). Additionally, Rule 20 is discretionary, and "[t]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 2018 n.5 (4th Cir. 2007).

MVP argues that the right to relief it asserts against both the landowners and tree-sitters arises out of the same transaction or occurrence—acquiring easements for the pipeline—and that the landowners and tree-sitters share the common questions of whether MVP can condemn and is entitled to immediate possession of the easements. MVP counters amici's suggestion that the tree-sitters have no interest in what amici assert is the issue in the case—just compensation—by noting that the complaint also seeks "immediate access and entry prior to determination of just compensation." (Reply Mem. Supp. Mot. Prelim. Inj. 7.) Therefore, MVP seems to suggest that there is at least one common question of law or fact between the landowners and the tree-sitters. Last, MVP reasons that allowing the tree-sitters to be added as defendants aligns with the

11

purpose of Rule 20 by promoting trial convenience and expediting the final determination of disputes. (*Id.* at 8.)

For purposes of this argument, the court assumes, without deciding, that application of Rule 20 in condemnation cases is not precluded by Rule 71.1. Applying the language of Rule 20, the court first looks to whether there is "any right to relief . . . asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Rule 20 also provides that "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment . . . against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3).

To meet the transaction or occurrence requirement under Rule 20(a)(2), "there must be a logical relationship between the events giving rise to the cause of action against each defendant." *Associated Recovery, LLC v. Does 1–44*, No. 1:15-cv-1723, 2016 WL 9558947, at *5 (E.D. Va. Mar. 25, 2016). In its broadest sense, if the events giving rise to the cause of action are interpreted so generally as to mean anything related to the construction, installation, and/or maintenance of this pipeline, the easements associated with it, and access thereto, then this requirement would be satisfied. Under this analysis, any person or entity (including perhaps contractors, protestors, government agencies, or the like) that interfered in any way with installation, construction, maintenance, or access could potentially meet the same transaction or occurrence prong. Although the court thinks it unlikely that such an expansive definition is applicable, the court will assume, without deciding, that MVP meets this prong of Rule 20.

The court then turns to whether there is any question of law or fact common to all defendants that will arise in the action. The court finds that MVP has failed to establish this prong. As to the property in question, the court had already awarded summary judgment to

12

MVP, finding that it has the substantive right to condemn the easements and granting MVP immediate possession of the easements, before MVP's attempt to add the tree-sitters. As to this property, the only question remaining is the narrow question of just compensation to be awarded to the landowners. As admitted by MVP, the tree-sitters are not entitled to compensation. Thus, there is no commonality between the tree-sitters and the landowners on the only legal issue remaining or on the factual issues related to that narrow legal issue.

Last, contrary to MVP's assertion, joining the tree-sitters as defendants here would not further the purposes behind Rule 20. Because the claims against the tree-sitters would involve distinctly different legal and factual issues, joining the tree-sitters as defendants in this action would not promote judicial economy.

For these reasons, the tree-sitters may not be joined as defendants through permissive joinder pursuant to Rule 20.

\* \* \*

The court is cognizant of MVP's frustration with this situation and with the obstructive actions of the tree-sitters and their supporters. However, MVP has other options for relief—under both state and federal law—that it can pursue.[3] This ruling does not prevent MVP from pursuing other remedies, whether in this forum or another.

## IV. CONCLUSION

For the reasons discussed herein, the court finds that the tree-sitters may not be added as defendants in this case under either Rule 71.1 or Rule 20 of the Federal Rules of Civil Procedure. The tree-sitters will therefore be dismissed as improperly joined pursuant to Rule 71.1(i)(2), and MVP's motion for preliminary injunction will be denied.

---

[3] MVP could pursue actions for trespass and/or interference with easements in Virginia state court, seek criminal charges for assault and battery, or seek contempt sanctions in this court, as it previously has. (Dkt. No. 875.)

13

An appropriate order will be entered.

Entered: August 2, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge