IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:17-cv-00492 |
| ) | |
| EASEMENTS TO CONSTRUCT, ) | By:  Elizabeth K. Dillon |
| OPERATE, AND MAINTAIN A ) | United States District Judge |
| NATURAL GAS PIPELINE OVER ) | |
| TRACTS OF LAND IN GILES COUNTY, ) | |
| CRAIG COUNTY, MONTGOMERY ) | |
| COUNTY, ROANOKE COUNTY, ) | |
| FRANKLIN COUNTY, AND ) | |
| PITTSYLVANIA COUNTY, VIRGINIA, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Mountain Valley Pipeline, LLC (MVP) filed this action to condemn property interests necessary for the construction, operation, and maintenance of an interstate natural gas pipeline across properties in the Counties of Giles, Craig, Montgomery, Roanoke, Franklin, and Pittsylvania, Virginia.  One of those properties was owned by defendant Lenora W. Montuori (the Property).  Subsequent to the filing of this action and MVP obtaining possession of easement rights over the Property by court order, Montuori sold the Property to Venkat Reddy. MVP amended its complaint to add Reddy as a defendant, but Montuori moves to dismiss Reddy on the grounds that Reddy is not entitled to any just compensation for MVP's acquisition of the easement.  The court agrees that Montuori is entitled to all just compensation owed in this matter because Montuori owned the Property when the court granted MVP possession of easement rights to the Property.  Therefore, the court will grant Montuori's motion to dismiss.

## I.  BACKGROUND

MVP filed its complaint on October 24, 2017, naming Montuori as a defendant and owner of the Property identified as MVP Parcel No. VA-RO-058.  (Dkt. No. 1, Compl. ¶ 138.)  On January 31, 2018, the court issued a memorandum opinion and order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession upon a determination of appropriate security.  (Dkt. Nos. 339, 340.)  On March 7, 2018, the court granted MVP immediate possession of the specified rights and easements over the Property upon making the required deposit and posting the required bond.  (Dkt. No. 581.)[1]

On April 6, 2019, Montouri and Reddy executed a real estate purchase contract, and on or about April 19, 2018, Montouri conveyed by deed her interest in the Property to Reddy.  MVP subsequently filed an amended complaint naming Reddy as an additional defendant.  (Dkt. No. 1154.)  Montouri now moves to dismiss Reddy as a defendant.  (Dkt. No. 1207.)  Montouri and Reddy briefed the issues, a hearing was held, and supplemental briefs were submitted.

## II.  DISCUSSION

Montuori moves to dismiss pursuant to Federal Rule of Civil Procedure 71.1(i)(2), which provides that in an action to condemn real and personal property by eminent domain, the court "may at any time dismiss a defendant who was unnecessarily or improperly joined."  The Advisory Committee Notes state that the court "may at any time drop a defendant who has been unnecessarily or improperly joined as where it develops that he has no interest."  Fed. R. Civ. P. 71.1, Advisory Committee Notes, Original Report, Note to Subdivision (i).  She argues that she was the owner at the time of taking—when MVP filed its complaint and when this court granted

---

[1] The easements on the property consist of a 0.19 acre parcel for temporary workspace and a 0.22 acre parcel for a permanent easement.  (Dkt. No. 581, Attached Map.)

MVP's motion for partial summary judgment and conditionally granted MVP's motion for immediate possession.

Reddy, who alleges that he did not know of the MVP easements when he purchased the property, counters that Montuori assigned the condemnation award to him by virtue of the real estate purchase contract and/or deed, that MVP had not taken the property when he purchased it because it had not obtained title and had not physically entered the property yet, and that the court should look to state law as to when the damage to the property occurs. In his supplemental brief, he argues that the court should find that the date of ownership entitling one to just compensation is the date when the condemnor physically enters the property.

First, the April 6, 2018 purchase contract and April 19, 2018 deed make no mention of an assignment of the condemnation award. Reddy cites the "Risk of Loss" section of the purchase contract,[2] but this provision only applied from the date of the contract until closing. The court had already granted the right to possession of the easements to MVP before the purchase contract was executed. The Deed does not mention the MVP easements. Further, it was specifically made "subject to all easements, reservations, restrictions, and conditions of record affecting the hereinabove described property," and included a disclaimer that "[t]he title to the property

---

[2] This section provides that:

> All risk of loss or damage to the Property by fire, windstorm, casualty or other cause, or taking by eminent domain, is assumed by Seller until Settlement. In the event of substantial loss or damage to the Property before Settlement, Purchaser shall have the option of either (i) terminating this Contract and recovering the Deposit, in accordance with procedures defined in paragraph 7(a), or (ii) affirming this Contract, in which event Seller shall assign to Purchaser all the Seller's rights under any applicable policy or policies of insurance and any condemnation awards and pay over to Purchaser any sums received as a result of such loss or damage.

(Dkt. No. 1261-1.)

conveyed by this deed has not been examined or certified by the attorney who prepared this deed." (Dkt. No. 1207-1 (emphasis in original).)

Second, state law does not apply. Reddy argues that the court should follow state court practice, citing a provision of the Natural Gas Act. *See* 15 U.S.C. § 717f(h) (providing that "[t]he practice and procedure in any action or proceeding for that purpose . . . shall conform . . . with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated"). However, this "state procedure requirement has been superseded by [Rule 71.1]." *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 822 (4th Cir. 2004).[3] Moreover, even if state law did apply, the case cited by Reddy, *Livingston v. Virginia Dept. of Transportation*, 726 S.E.2d 264 (Va. 2012), is a factually dissimilar inverse condemnation case.

Finally, it is clear from the cases, and from a practical standpoint, that the person or entity who owns the property at the time the condemnor has obtained a right to exercise an interest in the property is the person or entity entitled to just compensation for the taking. As both Montuori and Reddy agree, the reasoning in *United States v. Dow*, 357 U.S. 17 (1958), provides guidance.[4]

In *Dow*, the United States sought to condemn property for a pipeline. It began the proceeding in 1943, the district court granted the United States immediate possession of the property that same year, and the United States began laying pipe. *Id.* at 18–19. However, the

---

[3] In 2009, Rule 71A was redesignated as Rule 71.1. *See* Fed. R. Civ. P. 71.1, Advisory Committee Notes, 2007 Amendment.

[4] While Reddy first argued that *Dow* is inapposite, at the hearing and in his supplemental brief, he argued that the logic of *Dow* and *Kern River Gas Transmission Co. v. 8.47 Acres of Land*, No. 2:02-cv-69470, 2006 WL 1472602 (D. Utah May 23, 2006) (a Natural Gas Act case citing to *Dow* where entry and construction on the property occurred by agreement and was considered the date of the take even though it was prior to the court allowing possession), should apply.

United States did not file its declaration of taking until 1946.[5] *Id*. at 19. Notably, in framing the question, the Court stated, "[t]he principal question presented is whether the claim to 'just compensation' vested in the owners of the land at the time the United States entered into possession of the easement pursuant to court order in 1943 or whether such claim vested in . . . Dow, who acquired the land in 1945, at the time the United States filed a declaration of taking in 1946 . . . ." *Id*. at 18.

The United States Supreme Court held that the property owner in 1943, and not the property owner in 1946, was entitled to the just compensation award. *Id*. at 21. In so ruling, the Court stated that, in takings cases, title to property passes to the condemnor when the owner receives compensation or when the compensation is deposited into the court, but passage of title does not necessarily determine the date of "taking." *Id.* at 21–22.

> The usual rule is that if the United States has entered into possession of the property prior to the acquisition of title, it is the former event which constitutes the act of taking. It is that event which gives rise to the claim for compensation and fixes the date as of which the land is to be valued and the Government's obligation to pay interest accrues.

*Id.* at 22. The owner "at the time the [condemnor] takes possession 'rather than the owner at an earlier or later date, is the one who has the claim and is to receive payment.'" *Id.* (quoting *23 Tracts of Land v. United States*, 177 F.2d 967, 970 (6th Cir. 1949)). *See also Columbia Gas Transmission, LLC v. 101 Acres*, Nos. 4:13-cv-00783, 4:13-cv-00785, 2016 WL 6248071, at *8 (M.D. Pa. Oct. 26, 2016) (citing *Dow* and holding that the date of taking for purposes of interest calculation is date when court granted immediate possession).

MVP was granted immediate possession of the easements over the Property by virtue of the court's order dated March 7, 2018. It entered into possession on that day. Whether it

---

[5] Of course, if title were to pass by virtue of the declaration before the United States possessed the property, that would control the person or entity entitled to compensation. *Dow*, 357 U.S. at 23.

5

immediately exercised that right, or to what extent it exercised that right, is not the determinative factor. At the time when the court entered the order, MVP had the right to immediate possession. MVP could stand on the easements, put equipment on the easements, shovel dirt on the easements, and lay pipe on the easements. It could also prevent the property owner from interfering with its easements regardless of whether MVP had started construction because it had the right to immediate possession. That is the date of the taking because the property owner lost an interest in the property. The owner of the Property on that date was Montuori, not Reddy, and Montuori, under the reasoning of *Dow*, is entitled to the just compensation award.

Reddy attempts to distinguish *Dow* arguing that MVP has not obtained title for the easement. As noted above, the Court in *Dow* expressly held that passage of title does not fix the time for compensation: "We hold, contrary to the Court of Appeals, that the 'taking' did not occur in 1946 when the Government filed its declaration of taking, but rather when the United States entered into possession of the land in 1943. It follows that the landowners in 1943 were entitled to receive the compensation award." *Dow*, 357 U.S. at 21.

It also makes no difference, as Reddy contends, that MVP has not physically entered the Property nor begun construction of the pipeline as of the date of the motion, hearing, and supplemental briefing. Even if true, MVP had already obtained the right to possession of the easements by the time Reddy acquired title to the property and that is the determinative factor here. Under Reddy's theory, as to each property, the parties would argue about, and the court would have to determine, when physical entry of the property occurred. Actual physical entry could be a visit to the easement, placement of equipment on the easement, grading of the easement, laying of the pipe on the easement. And each property would have a different date to be determined by the court. There could also be situations where the just compensation trial

6

would occur even before actual physical entry on the property. In those cases, the proper recipient of the just compensation award could be determined only at the time of the verdict. No case law supports such an inefficient and impractical system of determining the person or entity entitled to the compensation award.

### III. CONCLUSION

For the above-stated reasons, the court concludes that Reddy is not entitled to any compensation for the MVP easements on the Property. Therefore, the court will grant Montuori's motion to dismiss Reddy (Dkt. No. 1207) from this action. The court will enter an appropriate order.

Entered: June 1, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge