IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:17-cv-00492 |
| ) | |
| EASEMENTS TO CONSTRUCT, ) | By:  Elizabeth K. Dillon |
| OPERATE, AND MAINTAIN A ) | United States District Judge |
| NATURAL GAS PIPELINE OVER ) | |
| TRACTS OF LAND IN GILES COUNTY, ) | |
| CRAIG COUNTY, MONTGOMERY ) | |
| COUNTY, ROANOKE COUNTY, ) | |
| FRANKLIN COUNTY, AND ) | |
| PITTSYLVANIA COUNTY, VIRGINIA, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on a motion by landowners James T. Chandler and Kathy E. Chandler to dismiss Wells Fargo Bank as a party-defendant. (Dkt. No. 1416.) Wells Fargo was added by plaintiff Mountain Valley Pipeline, LLC (MVP) on February 24, 2020, as an additional defendant with an alleged interest in the property owned by the Chandlers. (Dkt. No. 1406.)

MVP's amended complaint states that "James T. Chandler and Kathy E. Chandler, and Wells Fargo Bank, National Association, own or have an interest in property over which easements for the Pipeline are being taken by condemnation." (*Id.*)  In response to the Chandlers' motion to dismiss, MVP explains that on September 18, 2003, the Chandlers executed a credit line deed of trust, for the benefit of Wachovia Bank, to secure a $300,000 promissory note. (MVP Ex. 1, Dkt. No. 1423-1.) Under the deed of trust, "[t]he proceeds of any

award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property . . . are hereby assigned and shall be paid to Lender . . . ." (Ex. 1 ¶ 8.) Wachovia Bank was acquired by Wells Fargo in 2008.

The Chandlers argue that Wells Fargo should be dismissed as a defendant because Wells Fargo has not filed an answer or notice of appearance. The Federal Rule of Civil Procedure governing condemnation proceedings provides that a defendant having "no objection or defense to the taking of its property *may* serve a notice of appearance designating the property in which it claims an interest," Fed. R. Civ. P. 71.1(e)(1) (emphasis added), and a defendant that does have an objection "must serve an answer within 21 days after being served with the notice," Fed. R. Civ. P. 71.1(e)(2). As the language of the rule makes clear, there is no requirement that a named defendant file an answer in a condemnation proceeding.

The Chandlers also object that the complaint does not state what interest is held by Wells Fargo. This is also not required by the rule. *See* Fed. R. Civ. P. 71.1(c)(2) (explaining that the complaint must contain a short and plain statement of the authority for the taking, the uses for which the property is to be taken, a description sufficient to identify the property, the interests to be acquired, and a designation of each defendant who has been joined as an owner or owner of an interest in it).

Finally, the Chandlers object to the possibility of "trial by ambush," wherein Wells Fargo appears at trial and presents evidence without the parties obtaining any information from Wells Fargo through the discovery or pretrial disclosure process. Yet, as the Chandlers acknowledge, the condemnation rule specifically countenances such a result:

> A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed. *But at the trial on compensation, a defendant—whether or not it has previously appeared or*

> *answered—may present evidence on the amount of compensation to be paid and may share in the award*.

Fed. R. Civ. P. 71.1(e)(3) (emphasis added).  The Advisory Committee Notes further emphasize that the procedure is meant to be informal:

> **Note to Subdivision (e).**  Departing from the scheme of Rule 12, subdivision (e) requires all defenses and objections to be presented in an answer and does not authorize a preliminary motion.  There is little need for the latter in condemnation proceedings.  The general standard of pleading is governed by other rules, particularly Rule 8, and this subdivision (e) merely prescribes what matters the answer should set forth.  Merely by appearing in the action a defendant can receive notice of all proceedings affecting him.  *And without the necessity of answering a defendant may present evidence as to the amount of compensation due him, and he may share in the distribution of the award.*

Fed. R. Civ. P. 71.1, Advisory Committee Notes, Original Report (emphasis added).

In sum, the court will not dismiss Wells Fargo based on the possibility that it may do something that is specifically allowed by the Federal Rules of Civil Procedure.  Therefore, it is HEREBY ORDERED that the landowners' motion to dismiss Wells Fargo as a party-defendant (Dkt. No. 1416) is DENIED.  The clerk is directed to send a copy of this order to all counsel of record.

Entered: March 29, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge