Mountain Valley Pipeline, LLC
v. Easements to Construct, etc., et al.

Exhibit 1

Letter dated September 5, 2021



September 5, 2021

*Via Fax/Email* wmassie@pennstuart.com; 276/628-5621

    Re:    SDT to Kay Ferguson - objections

Mr. Massie:

I have been retained by Kay Leigh Ferguson in relation to a Rule 45 subpoena *duces tecum* you issued to Ms. Ferguson with a return date of September 17, 2021. Please accept this letter as our objections to each of Mountain Valley Pipeline's (MVP's) requests under the above-named subpoena *duces tecum*.

Under Rule 26 parties are allowed to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Importantly, even if information is relevant, it is not discoverable if it is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 26(b)(2)(C)(iii). This is particularly true when the request is to a non-party, such as Ms. Ferguson.

Likewise, it is important to note that the Fourth Circuit has said, in no uncertain terms, that a "nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs" and that courts should quash subpoenas to third parties that place cognizable burdens on that non-party, including costs, overbreadth, privacy, and confidentiality interests. *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). Despite this clear guidance from the Fourth Circuit, MVP seeks to burden a private, non-party with 15 overlapping and largely duplicative requests for information that is irrelevant and/or readily available from other sources; thus, such requests are subject to valid objections recognized by the Fourth Circuit.

Based on the standards articulated by the Fourth Circuit and other Judges within the Western District of Virginia, Ms. Ferguson objects to MVP's requests specifically as follows:

Request No. 1: This request is irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor is it proportionate to the needs of the underlying condemnation case. Moreover, Ms. Ferguson is a private citizen and production of her text messages would invade her privacy, is irrelevant, costly and time-consuming, and would offer no value to any information that MVP already possesses about what, if anything, occurred relating to "blasting or other work on the project of [MVP]" on the dates in the request. Request No. 1 is also vague,

1

7533 Williamson Road, Roanoke, VA 24019 | Ph. 540.523.1633 | F. 540.301.2283
www.lugarlaw.com | cerid@lugarlaw.com

overbroad, and irrelevant in that it seeks all "text messages regarding other work on the project."

Request No. 2: This request is irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor is it proportionate to the needs of the underlying condemnation case. Moreover, Ms. Ferguson is a non-party and production of her text messages would invade her privacy, is irrelevant, costly, and time-consuming, and would offer no value to any information that MVP already possesses about what, if anything, occurred relating to "protesting or stopping blasting or other work on the project of MVP" on the dates in the request. Request No. 2 is also vague, overbroad, and irrelevant in that it seeks all text messages regarding "other work on the project" as well as the vague and undefined terms of "protesting or stopping blasting." Records requested in Request No. 2 are also duplicative of Request No. 1.

Request No. 3: This request is irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor is it proportionate to the needs of the underlying condemnation case. Moreover, Ms. Ferguson is a private citizen and production of Facebook communications would invade her privacy, is irrelevant, costly and time-consuming, and would offer no value to any information that MVP already possesses about what, if anything, occurred relating to "blasting or other work on the project of MVP" on the dates in the request. Request No. 3 is also vague, overbroad, and irrelevant in that it seeks all "Facebook communications regarding blasting or other work on the project."

Request No. 4: This request is irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor is it proportionate to the needs of the underlying condemnation case. Moreover, Ms. Ferguson is a non-party and production of her Facebook communications would invade her privacy, is irrelevant, costly, and time-consuming, and would offer no value to any information that MVP already possesses about what, if anything, occurred relating to "protesting or stopping blasting or other work on the project of MVP" on the dates in the request. Request No. 4 is also vague, overbroad, and irrelevant in that it seeks all Facebook communications regarding "other work on the project" as well as the vague and undefined terms of "protesting or stopping blasting." Records requested in Request No. 4 are also duplicative of Request No. 3.

Request No. 5: This request is irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor is it proportionate to the needs of the underlying condemnation case. Moreover, Ms. Ferguson is a private citizen and production of "all electronic communications" would invade her privacy, is irrelevant, costly and time-consuming, and would offer no value to any information that MVP already possesses about what, if anything, occurred relating to "blasting or other work on the project of MVP" on the dates in the request. Request No. 5 is also vague, overbroad, and irrelevant in that it seeks all "electronic communications relating to blasting or other work on the project."

Request No.6: This request is irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor is it proportionate to the needs of the underlying condemnation case. Moreover, Ms. Ferguson is a non-party and production of all electronic communications would invade her privacy, is irrelevant, costly, and time-consuming, and would offer no value to any information that MVP already possesses about what, if anything, occurred relating to "protesting or stopping blasting or other work on the project of MVP" on the dates in the request.

Request No. 6 is also vague, overbroad, and irrelevant in that it seeks "all electronic communications relating to protesting or stopping blasting or work on the project." Records requested in Request No. 6 are also duplicative of Request No. 5.

Request No. 7: This request is irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor is it proportionate to the needs of the underlying condemnation case. Moreover, Ms. Ferguson is a private citizen and production of "all written communications" would invade her privacy, is irrelevant, costly and time-consuming, and would offer no value to any information that MVP already possesses about what, if anything, occurred relating to "blasting or other work on the project of MVP" on the dates in the request. Request No. 7 is also vague, overbroad, and irrelevant in that it seeks all "written communications relating to blasting or other work on the project."

Request No. 8: This request is irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor is it proportionate to the needs of the underlying condemnation case. Moreover, Ms. Ferguson is a non-party and production of all electronic communications would invade her privacy, is irrelevant, costly, and time-consuming, and would offer no value to any information that MVP already possesses about what, if anything, occurred relating to "protesting or stopping blasting or other work on the project of MVP" on the dates in the request. Request No. 8 is also vague, overbroad, and irrelevant in that it seeks "all written communications relating to protesting or stopping blasting or work on the project." Records requested in Request No. 8 are also duplicative of Request No. 7.

Request No. 9: This request is irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor is it proportionate to the needs of the underlying condemnation case. Moreover, Ms. Ferguson is a non-party and production of all photographs or videos would invade her privacy, is irrelevant, costly, and time-consuming, and would offer no value to any information that MVP already possesses about what, if anything, occurred relating to "protesting or stopping blasting or other work on the project of MVP" on the dates in the request. Indeed, one would be hard pressed to conclude that MVP and its agents were not present on August 10, 11, 12, 2021 when it claims blasting was planned. Therefore, any records sought in Request No. 9 would be duplicative of information that MVP already possesses. Moreover, Request No. 9 is also vague, overbroad, and irrelevant in that it seeks all photos or videos across a 300-mile+ construction project (e.g., "relating to the project of MVP") on three dates.

Request No.10: This request is irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor is it proportionate to the needs of the underlying condemnation case. Moreover, Ms. Ferguson is a non-party and production of all videos or photographs would invade her privacy, is irrelevant, costly, and time-consuming, and would offer no value to any information that MVP already possesses about what, if anything, occurred relating to "protesting or stopping blasting or other work on the project of MVP" on the dates in the request. Request No. 10 is also vague, overbroad, and irrelevant in that it seeks photos and videos "relating to protesting or stopping blasting or work on the project." Records requested in Request No. 10 are also duplicative of Request No. 9. Requests material related to a project that spans across a 300-mile+ construction project which is overly broad, a fishing expedition, and not tailored to lead to material that could be used in the present pending action.

Request No. 11: This request is irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor is it proportionate to the needs of the underlying condemnation case. Moreover, this request is entirely improper as it is nothing more than an interrogatory disguised as a request for production of documents. The request is also vague, overbroad, and irrelevant and does not define the "John Coles Terry" property. Ms. Ferguson is also a non-party and production of such records would invade her privacy, is irrelevant, costly, and time-consuming, and would offer no value to any information that MVP already possesses about the date listed in the request. Indeed, one would be hard pressed to conclude that MVP and its agents were not present on August 11, 2021 when it claims blasting was planned. Therefore, any records sought in Request No. 11 would be duplicative of information that MVP already possesses. Simply put, Request No. 11 is an improper interrogatory designed to obtain information from a non-party that is simply not discoverable by subpoena *duces tecum*.

Requests No. 12-15: These requests are irrelevant to any claim or defense in a condemnation case, including the injunction filed in the case, nor are they proportionate to the needs of the underlying condemnation case. Moreover, these requests are entirely improper as they are nothing more than interrogatories disguised as requests for production of documents.

Each and every objection above should be read as objections to each and every request and is not limited to the numbered request.

Submitted,
**LUGAR LAW**

*/s/ Cerid E Lugar*

Cerid E Lugar


cc: Kay Ferguson

4