CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
March 27, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ S. Wray
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:17-cv-492 |
| v. | ) Civil Action No. 7:22-cv-317 |
| | ) |
| 0.94 ACRES OF LAND, OWNED BY | ) By: Elizabeth K. Dillon |
| MARTIN G. MORRISON AND | )    Chief United States District Judge |
| PATRICIA A. BOYD, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Mountain Valley Pipeline (MVP) is constructing an interstate natural gas pipeline. MVP commenced a condemnation action under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to acquire easements on numerous properties, including this property located in Roanoke County and owned by defendants (also referred to as landowners) Martin G. Morrison and Patricia A. Boyd. On March 9, 2018, the court entered an order in the primary condemnation case, *Mountain Valley Pipeline LLC v. Easements to Construct*, Case No. 7:17-cv-492 (W.D. Va.) (Dkt. No. 727), granting MVP immediate possession of the easements on the property.

Now pending before the court is MVP's motion for summary judgment (Dkt. No. 3).[1] When the motion was filed, Morrison and Boyd were represented by counsel, but counsel subsequently requested and was granted leave to withdraw, and the defendants submitted a pro se opposition. (Dkt. No. 7.) MVP then filed a reply. (Dkt. No. 8.) The court granted Morrison and Boyd's motion to file a sur-reply, and the court has considered their sur-reply (Dkt. No. 9).

---

[1] Unless otherwise noted, record citations are to the individual case, Case No. 7:22-cv-00317.

The court also has considered the defendants' second response (Dkt. No. 12), which defendants filed after receiving the court's *Roseboro*[2] notice (the *Roseboro* response). For the reasons discussed herein, the court will deny MVP's motion for summary judgment.

## I.  BACKGROUND

MVP filed a complaint for condemnation of easements on a tract of land owned by defendants, designated as MVP parcel VA-RO-4115, Roanoke County Tax Parcel ID 063.00-01-20.00-0000. In particular, MVP sought a temporary/permanent access easement of 0.94 acres over the property, which—according to MVP's appraiser—totals approximately 44 acres. The easement was over an existing road. The court granted partial summary judgment to MVP and granted it immediate possession of this and other properties along the pipeline route for construction. (Case No. 7:17-cv-492, Dkt. Nos 339, 340.) With regard to this particular tract, the court set security for the tract and granted MVP possession effective upon its making the required deposit and posting the required bond, which MVP did. (*Id.*, Dkt. No. 589.) The court later opened a separate matter, 7:22-cv-317, for the determination of just compensation for this property.

In its motion for summary judgment, MVP explains that it no longer needs the easement on this property for the pipeline. It is nonetheless "willing to pay to defendants the full amount of just compensation for this property." (Mot. Summ. J. ¶ 3, Dkt. No. 3.) MVP includes with its motion an appraisal by Jared L. Schweitzer, completed in 2018. (Schweitzer Report 5, Case No. 7:17-cv-492, Dkt. No. 379-6.) Using the comparable sales method, Schweitzer determined that the value of the land before the take was $145,000. (*Id.* at 27.) He determined that just compensation for the permanent easement was $2,750, which is 90% of the area inside the

---

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

easement. (*Id.* at 29.) Because the easement was along a preexisting road, Schweitzer concluded that there were no damages to the residue. (*Id.* at 30.) He did not separately appraise the temporary easement.

In response, the landowners raise a number of arguments. Some of these arguments are unrelated to the issue of just compensation, and they are not properly before the court in this condemnation action.[3] The landowners also claim that the map used by MVP is "inaccurate and not based upon actual facts, deeds[,] or surveys." (Opp'n to Mot. Summ. J. (Opp'n) 1–2, Dkt. No. 7.) Specifically, they claim that it was based on Roanoke County GIS data, rather than deeds or surveys. (*Id.*) In their *Roseboro* response, defendants submitted their own exhibits, including a survey, and they contend that it shows different property lines than what was originally on MVP's proposed route.[4] (*See generally* Dkt. No. 12.)

---

[3] For example, defendants reiterate certain complaints that they raised before the Federal Energy Regulatory Commission (FERC) prior to the MVP condemnation lawsuit being filed in this court. (Opp'n 2–3, 5–6.) But as the Fourth Circuit has repeatedly recognized, collateral challenges to FERC's decisions are not appropriate in these condemnation proceedings and cannot be addressed by this court. *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land*, 915 F.3d 197, 221 (4th Cir. 2019).

Likewise, defendants insist that MVP accessed portions of their property outside the easement in the complaint and outside the portion on which the court granted immediate possession. (Opp'n 4 (stating that MVP used the right-of-way on the property "at least once including a parcel that there was not a preliminary injunction on").) Based on this allegation and other requests for relief, the landowners request that "the claim of eminent domain . . . be revoked." (Opp'n 4.) It is unclear to the court precisely what defendants seek via their request for "revocation," particularly because MVP already has stated it is no longer seeking title to the permanent easement.

In any event, these types of issues may be pursued—if at all—in a civil action sounding in trespass or inverse condemnation or some other civil claim, not in this condemnation suit brought by MVP. This includes defendants' claim that MVP crews accessed portions of the property where they did not have permission to go, as well as their request that the court issue an order that "all references on maps regarding 'MVP Access Road Meacham Rd' regardless of location . . . be removed. E.g. Roanoke County maps, Google Maps etc. People are trying to use this as an excuse to have access to this private road." (Opp'n 6.) These issues are separate from the limited issues in this condemnation proceeding. *Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 363 (4th Cir. 2019) (claims that MVP was going to take more property than represented in its complaint or that there was damage to property outside MVP's complaint "is irrelevant in the condemnation proceeding"); *Columbia Gas Transmission, LLC v. 76 Acres, More or Less, in Baltimore & Harford Cntys.*, 701 F. App'x 221, 229 (4th Cir. 2017) ("Any claims for a taking beyond what was described in the district court's order must be brought by the [landowners] in a separate action.").

[4] Relatedly, defendants take issue with the court's prior orders in this case. They appealed at least some of those orders, such as the court's orders granting immediate possession of the various easements, and those orders were affirmed.

Similarly, defendants challenge the accuracy of Schweitzer's appraisal, contending that he relied on the inaccurate map and GIS records and did not "set foot on the land."[5] They further contend that—contrary to MVP's assertion—they have an appraisal. (Opp'n 5.) In their *Roseboro* response, they have submitted a copy of an appraisal that provides a value of the parcel at issue, and it has acreage and value of the property different than that submitted by MVP's appraiser.[6] (Ex. J to *Roseboro* response, Dkt. Nos. 12-14 & 12-15). In particular, their appraisal refers to a "fee simple interest[]" in two properties (consisting of a 1.633-acre portion and a 69.074-acre portion), which collectively are described as the "donor/family contiguous parcel." (Dkt. No. 12-14, at 3–4.) The larger, 69-acre parcel has the same Tax Parcel ID as identified by Schweitzer, which he described as only being 44 acres. (*Id.* at 3.) Defendant' *Roseboro* response also includes in its title the word "affidavits," and it is signed (but unsworn) by both Morrison and Boyd. (Dkt. No. 12.) That document reiterates a number of defendants' factual assertions from their original response and provides additional detail and exhibits in support.

On the issue of just compensation, defendants also set forth other items of damages that they seek to claim in this suit, including: (1) the costs of extra survey work done by defendants; (2) the costs of pursuing a conservation easement, which had begun prior to suit, and had to be modified in light of MVP's easement, causing additional costs; and (3) defendants' own time and effort involved in the lawsuit, which included hours taken off from work. (Opp'n 5–6.) MVP

---

[5] Defendants also complain that Schweitzer's appraisal amount does not match the amount MVP submitted as a deposit to gain immediate possession. For purposes of the deposits, the court required a floor amount of $3,001. So, for any properties where MVP's appraisal was below $3,000 (like this one), the amount was raised to $3,001 for purposes of the deposits. (*See* Case No. 7:17cv-492, Dkt. No. 486, at 6–7 (order directing deposits and specifying that MVP "set the appraised amount at $3,001 for any property appraised for less than $3,000").) There is no "discrepancy" between the two amounts.

[6] According to the cover page, the purpose of the appraisal was to estimate the fair market value of the property in order to estimate the value of a proposed conservation easement. (Dkt. No. 12-14, at 3.)

counters that these costs are not recoverable as part of just compensation. (Reply 3–5, Dkt. No. 8.)

## II. DISCUSSION

MVP seeks summary judgment on the amount of just compensation owed for the easements on the property.[7] In a condemnation action, the landowner has the burden of proving the amount of just compensation owed by the condemnor. *See United States ex rel. TVA v. Powelson*, 319 U.S. 266, 273 (1943); *United States v. 69.1 Acres*, 942 F.2d 290, 292 (4th Cir. 1991). MVP argues that defendants have not met their burden of proof because they have not provided any opinion as to fair market value of the proposed easement. *See Mountain Valley Pipeline, LLC v. 0.15 Acres of Land by Hale*, 827 F. App'x 346, 348 (4th Cir. 2020) (affirming court's grant of summary judgment to MVP where landowners failed to provide any competent evidence of just compensation); *Mountain Valley Pipeline, LLC v. 0.47 Acres of Land*, 853 F. App'x 812, 816 (4th Cir. 2021) (same). Accordingly, MVP contends that the court should enter judgment and instead award compensation in the amount determined by MVP's expert, Schweitzer.

As a threshold issue, the parties dispute what law should apply in this case. Defendants repeatedly urge that state law should apply to this proceeding in its entirety,[8] and they point to several Virginia statutes, contending that the court must follow them. For its part, MVP insists

---

[7] As noted, the easement here was originally planned to be both temporary (during installation of the pipeline) and permanent. As it turns out, however, MVP will not receive title to any portion of this land or maintain any continuing easement on it. Despite this, MVP asserts that the amount it is willing to pay is the amount set forth in its appraisal for the *permanent* easement.

[8] Although state substantive law may apply to determine the amount of just compensation, *see infra* note 10 and accompanying text, defendants' reliance on 15 U.S.C. § 717f(h) is misplaced. (*Cf.* Opp'n 2.) That provision contains language stating that the "practice and procedure" in condemnation proceedings under the NGA "shall conform as nearly as may be with the practice and procedure" in the state where the property is located, but that portion of the statute has been superseded by Federal Rule of Civil Procedure 71.1. *See E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 822 (4th Cir. 2004) (referring to Rule 71.1's predecessor, Rule 71A).

that federal law governs the determination of just compensation in this type of condemnation action, as this court previously has repeatedly held. It further argues that 42 U.S.C. § 4654 (allowing costs and attorneys' fees where the United States abandons condemnation proceedings) is inapplicable in this case, and there is no basis to award fees.

A recent Fourth Circuit case noted that it is an "open question" "whether state law or federal law governs the substantive determination of just compensation in condemnation actions brought by private entities under the Natural Gas Act." *Mountain Valley Pipeline, LLC v. 8.37 Acres of Land,* 101 F.4th 350, 358 n.4 (4th Cir. 2024) (*Frank Terry*).[9] Although the appellate court declined to address the issue, it cited to four courts of appeals decisions, all of which applied state law in the same or a similar context.[10] The court has reviewed those decisions and will consider that issue anew in either this case or another one if and when it becomes necessary to do so.[11]

More relevant to the outcome of MVP's summary judgment motion here, however, are two other recent decisions from the Fourth Circuit: *Mountain Valley Pipeline, LLC v. 0.32 Acres of Land*, 127 F.4th 427 (4th Cir. 2025) (*Grace Minor Terry*) and *Mountain Valley Pipeline, LLC v. 9.89 Acres of Land*, 127 F.4th 437 (4th Cir. 2025) (*Elizabeth Lee Terry*). Those decisions set forth a procedure for these types of condemnation cases, requiring the district court to first "make[] its initial evidentiary determinations pursuant to the normal Rules of Evidence," then

---

[9] To avoid confusion, the court refers to some of the MVP cases by the name of the first-listed landowner.

[10] In particular, *MVP (Frank Terry)* cited to the following four courts of appeals decisions: *Tenn. Gas Pipeline Co., LLC v. Permanent Easement for 7.053 Acres*, 931 F.3d 237 (3d Cir. 2019); *Sabal Trail Transmission, LLC v. 18.27 Acres of Land*, 59 F.4th 1158 (11th Cir. 2023); *Columbia Gas Transmission Corp. v. Exclusive Nat. Gas Storage Easement*, 962 F.2d 1192 (6th Cir. 1992); *see also Bison Pipeline, LLC v. 102.84 Acres of Land*, 560 F. App'x 690 (10th Cir. 2013).

[11] Even if state law applies to determine just compensation, it is not clear whether *all* of the state laws to which defendants point would apply. The court need not reach determine which law would govern which issue at this juncture, in light of its decision to deny summary judgment.

"proceed to the Rule 71.1(h) stage, where it must consider all admissible evidence together"— a proceeding "reminiscent of a bench trial"—and then resolve the "precise issue" of compensation, either via the grant of summary judgment or via convening a jury.

As discussed in the background above, defendants contend that the easements on their property were not correctly described on the map exhibits to the initial complaint filed by MVP. (Sur-reply at 4–5.) They point out what they say are flaws in MVP's appraisal, including that the acreage is incorrect. Also, MVP's appraiser has not provided a value for the temporary easement, which may be the only easement that was ever used by MVP, at least according to the landowners. Also in the record is defendants' appraisal, as well as their general statements as to the value of the property. Significantly, moreover, MVP has not moved to exclude defendants' appraisal or any other evidence presented by defendants.

In light of the foregoing, the court concludes that there are issues that must be determined separately before reaching the issue of whether summary judgment is appropriate as to just compensation.

### III. CONCLUSION

Having found that there are additional proceedings required before the court may address summary judgment on the issue of just compensation, the court will deny MVP's motion for summary judgment. An appropriate order will be entered.

Entered: March 27, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge